[Paris v. Johnson.]

# Paris *v.* Johnson.

*Damages for Breach of Covenant in Contract of Lease.*

(Decided May 14, 1908. 46 South. 642.)

1. *Frauds; Statute of; Writings; Signature by Agent.*—In all contracts required to be in writing by Section 2152, Code 1896, the question as to what constitutes a sufficient writing between the principal and the agent to authorize the making by the agent, is governed by the same principle as where the parties act directly.

2. *Same; Evidence; Written Authority.*—Written authority given by a principal to an agent to act for him in matters involving the statute of frauds may be shown by several writings properly connected, just as the same may be shown if the parties acted directly.

3. *Same; Lease for More Than One Year; Requirement of Security for Rent.*—Where an agent was authorized in writing to lease premises for more than a year on condition that he require security for the payment of the rent, a lease not containing such a requirement is not invalid under subdivision 5, section 2152, Code 1896; the failure going merely to the question of the binding effect of the contract.

4. *Principal and Agent; Lease of Property; Requirement as to Rent.*—When the tenant offered to give security sometime before the commencement of the term, whenever the agent should request it, the principal is bound by the act of his agent in making the lease without requiring security for the rent, although the authority of the agent to lease the premises was on condition that security for the payment of the rent be given.

5. *Landlord and Tenant; Failure to Give Possession of Leased Premises; Damages.*—The measure of damages upon the lessor's refusal to give the lessee possession of the premises is, the difference between the contract price and the fair and reasonable amount for which the property might have been rented for the term at any time after the making of the contract up to the commencement of the term; the purpose for which the parties intended that the premises should be used, being an element in determining the values.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Peter Paris against James F. Johnston. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

It is averred in the complaint that defendant leased to plaintiff the following real estate in the city of Birmingham, Ala.: Stores No. 301 and No. 303, and the

upstairs rooms, No. 301½, all situated on North Nineteenth street, between Third and Fourth avenues, of Birmingham, Ala.—for a term of years commencing October 1, 1904, and ending October 1, 1908. The consideration to be paid for said rent for said property was $200 per month in advance on the 1st each month. It is averred that the defendant contracted and agreed by the terms of said lease to accept $100 in full payment for the rent for October, 1904, and the same amount for rent for November, 1904, in consideration of repairs to be made on said premises by said plaintiff. It is averred that on the 30th day of July, 1903, the day on which the lease contract was signed, plaintiff paid to defendant $100 in cash, which the defendant then and there received for rent of said property for the month of October, 1904, and also to bind the bargain of leasing said property. It is then averred that by said lease defendant contracted and covenanted, and contracted with plaintiff in said lease, to keep plaintiff in possession of the premises during the continuance of the term of said lease. It is then averred that defendant wholly failed and refused to deliver possession of said property to him, as he contracted, although plaintiff had demanded possession of same from defendant, and because of such failure and refusal of the defendant the plaintiff has lost the use and enjoyment of said property under said lease and the profits arising from said lease and enjoyment.

The two pleas relied on as a defense were as follows: "(5) Defendant avers that the contract, the foundation of this suit, is void under the statute of frauds, because it is a contract for a lease of land for a term longer than one year, and neither said contract, nor any note, nor memorandum thereof, is in writing and subscribed by this defendant, or by any person thereto lawfully

authorized in writing." "(7) And for further plea defendant says that the said lease was executed and signed by plaintiff and one R. D. Johnston, Jr., only, said Johnston assuming at the time to act as agent for this defendant; and defendant avers that the only written authority given the said Johnston to make the lease mentioned in said count was conditioned on the plaintiff giving security for the rent of the premises therein mentioned; and defendant avers that the said R. D. Johnston, Jr., executed said lease without plaintiff giving security for the rent of the said premises. Wherefore defendant avers that said agreement is void under the statute of frauds."

The lease contract is set out in evidence; but the substance of the same, together with the facts in the case, are sufficiently stated in the opinion of the court. The plaintiff offered the following testimony in support of his contention, which the court declined to permit to go in: That plaintiff, within two or three months after the date of the execution of the lease, went to the office of R. D. Johnston, Jr., in the city of Birmingham, carrying with him Chris Jebeles, who, together with the plaintiff, offered to become bound for the payment of the entire amount of the rent reserved in said lease and to pay the same in accordance with the terms and stipulations contained in said lease. Said Johnston informed the plaintiff and Jebeles that said Jebeles would be entirely satisfactory as surety on the obligation to secure said lease, and that Johnston would prepare the document binding the plaintiff and said Jebeles to the payment of said rent, and would notify them when he had the same ready for execution; plaintiff and said Jebeles saying to said Johnston that they would return and execute the surety whenever notified, and that said Johnston never notified them, or either of

them, that said document was ready or that he wanted them to execute same. That at the time said Jebeles offered to become bound as surety for said rent he owned, and has ever since owned, a large amount of unincumbered real estate in said Birmingham, more than sufficient to secure the entire amount of rent reserved in said lease, and that no objection whatever was made to said Jebeles as such surety at the time he made the offer to become bound.

FRANK S. WHITE & SONS, and DENSON & DENSON, for appellant. The court erred in overruling demurrer to plea 7.—*Rhodes Furn. Co. v. Weeden*, 108 Ala. 252. Counsel discuss other assignments of error relative to pleading but cite no authority. Authority to an agent to execute a lease may be given in a number of writings, if properly connected, and in some cases by parol.— *White v. Breen*, 106 Ala. 159; *Homan v. Stewart*, 103 Ala. 644; *Jenkins v. Harrison*, 66 Ala. 345; *Strauss v. Elting*, 110 Ala. 133.

L. C. LEADBEATTER and FORNEY JOHNSON, for appellee. Under the following authorities, none of the assignments of error are available to a reversal.—*Nelson v. Shelby Co.* 96 Ala. 515; *Knox v. King*, 36 Ala. 367; *Heflin v. Milton*, 69 Ala. 354; *White v. Breen*, 106 Ala. 159; *Hutton v. Williams*, 35 Ala. 503; *Jenkins v. Harrison*, 66 Ala. 345; *Carter v. Shorter*, 57 Ala. 253; *Phillips v. Adams*, 70 Ala. 376; *Elliott v. Bankston*, 45 So. 143; *Thompson v. New South Coal Co.*, 135 Ala. 630.

DOWDELL, J.—This is an action brought by the plaintiff, the appellant, to recover damages for breach of covenant in a lease contract of land. There are several assignments of error, based on rulings of the

[Paris v. Johnson.]

court below on the pleadings and on the admission and exclusion of evidence; but all of these we need not consider in detail. The vital question in the case arises on the plea setting up the statute of frauds as a defense to the action.

The lease is in writing, and is signed, "James F. Johnson, by R. D. Johnson, Jr.," and is also signed by the plaintiff. The contention of the defendant, appellee here, is that his name was not signed to the lease by one thereunto lawfully authorized in writing by him to do so. The statute (section 2152 of the Civil Code of 1896) is as follows: "In the following cases, every agreement is void, unless such agreement or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing * * * (5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, of any portion thereof, be paid, and the purchaser be put in possession of the land by the seller." In the case before us the contract is in writing, and subscribed by one purporting to be the agent of the defendant. The pivotal question presented for consideration is whether R. D. Johnston, Jr., who signed the defendant's name to the lease, was thereunto in writing by the defendant lawfully authorized to do so.

As to what may constitute a writing sufficient to take the transaction without the influence of the statute of frauds, we think there can be no doubt that the principle is the same whether the question relates to a transaction directly between the parties, or where the party sought to be charged has acted through an agent; and upon the same principle that a compliance with the

requirements of the statute, that the agreement, or some note or memorandum thereof, expressing the consideration, must be in writing, and subscribed by the party to be charged therewith; may be shown by a number of writings properly connected; so may the authority given to another to act be shown in a number of writings, when likewise properly connected. The question as to what may be sufficient to satisfy the demand of the statute and relieve the contract from its ban was well considered in the case of *Jenkins v. Harrison*, 66 Ala. 345, and most ably discussed in the opinion by Brickell, C. J. The principles stated in that case have been followed by this court in *Homan v. Stewart*, 103 Ala. 644, 16 South. 35, and in *White v. Breen*, 106 Ala. 159, 19 South. 59, 32 L. R. A. 127, as well as in other cases. The contract may be evidenced by one or more writings, or may be shown entirely by correspondence; and upon principle, the authority to the agent may in like manner be shown.

It is not denied that R. D. Johnson, Jr., who executed the lease contract in the name of the defendant, James F. Johnson, was the agent of the latter for the purpose of renting out the defendant's property and collecting the rents on the same. The defendant resided in Asheville, N. C., and the agent, R. D. Johnston, Jr., resided in the city of Birmingham, Ala. The correspondence between the defendant and the agent which was introduced in evidence unquestionably authorized the making of a lease of the property in question to the plaintiff by the agent. But it is contended by the defendant that there was a limitation put upon the power and authority given the agent by him, which was exceeded by the agent in the execution of the lease contract, and therefore the contract sued on was not executed by one thereunto lawfully authorized in writing by him. The

point made is that the contract of lease authorized to be made by the agent, as shown by the authority conferred in writing, namely, the correspondence between the defendant and his agent, R. D. Johnston, Jr., required that security for the payment of the rents should be given by the lessee, and that no security, as provided for in the power conferred on the agent to make the lease, was given by the plaintiff or taken by the agent at the time of the making of the lease contract. The contract was executed in August, and the term of the lease was to begin in October the following year. The contract contained all the stipulations as to the lease agreed on by the parties, except that it was silent as to the security to be given for the payment of the rents. The power and authority given the agent by the defendant did not direct or require that the security for the rents should be expressed in the lease contract, nor was the kind or character of the security designated. The contract, when made, was delivered to the defendant, who received it without making any objection, and kept the same until some time the following year, not long before the term of the lease was to begin, and until after rents on property in the city of Birmingham had materially advanced. At the date of the execution of the contract the plaintiff paid the agent $100 in cash, which was one-half of the first month's rent; the remaining half of the month's rent, by the terms of the contract, to be paid by repairs made on the property when the plaintiff went into possession of the same. The $100 cash paid to the agent was by him placed in bank to the credit of the defendant in the course of the agent's transactions with his principal. At the time of the contract and the payment of the $100 cash, the agent gave a receipt for the money, indorsing on the receipt that the question of security would be taken up a year

hence, which was a month before the beginning of the term of the lease. Within the time fixed by the agent, and before the commencement of the term of the lease, the plaintiff offered to give the security; but it was declined, not because of any insufficiency, but because the defendant refused to abide the contract. The repudiation of the contract by the defendant was upon the ground that the security was not given and taken when the contract was executed.

There was authority in writing from the defendant to his agent, R. D. Johnston, Jr., to make the lease of the storehouse. This met the statute of frauds. That the agent exceeded the limitation put on his power in making the contract, in not at the same time taking security for the payment of the rents, does not, we think, involve the question of the statute of frauds, but a wholly different proposition, going to the insufficiency of the contract to bind the defendant for the failure of the agent to take the required security at the date of its execution. This failure to give the required security would no doubt furnish the defendant a just and reasonable excuse for repudiating the agent's action. But the condition is such a one as may be expressly or impliedly waived. Moreover, as stated above, the kind or character of the security was not designated, the requirement only being that security for the payment of the rents should be given, and this the plaintiff offered to do long before the commencement of the term of the lease. No time being fixed for the giving of the security, the offer by the plaintiff to give, and his expressed readiness when the contract was executed to give it whenever the agent requested, was such a compliance on his part with the terms of the contract, as authorized by the defendant, as would bind the defendant. The proper measure of damages in such a case is, we think, the

[Thompson v. O'Neill & Co.]

difference between the contract price of the lease and the fair and reasonable amount for which the property might have been rented at any time subsequent to the date of the contract and up to the time of the commencement of the term of the lease as fixed by the contract, for the same term; and the purposes for which the parties understood the leased property to be used would become an element in the determination of values.

The view we have taken of the case compels a reversal of the judgment appealed from, and what we have said will indicate the errors committed by the lower court on the trial of the cause, and will also serve to guide the court's action on another trial.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.