# Bromberg *v.* Eugenotto Construction Co.

*Action for Breach of Contract.*

(Decided June 30, 1909. 50 South. 314.)

1. *Landlord and Tenant; Breach of Lease; Damages.*—The measure of damages to the lessee for deficiency in the dimensions of a storeroom is the difference between the value of the lease had the store been of the dimensions stipulated and its actual value; and if the agreement as to dimensions was sufficiently definite, the lessee might be entitled to expenses incident to exchanging his fixtures for others suitable to the dimensions of the new store.

2. *Damages; Breach of Lease; Remote Damages.*—The amount of lessee's sales in the old building and in a building on another street occupied because of the unsuitableness of a building erected on the

site of the old building, and the decrease in sales resulting from change of location are not admissible in an action for a breach of the lease, since they presented a claim too remote and speculative.

3. *Landlord and Tenant; Breach of Lease; Damages.*—A lessee holding a lease for a period of three years with the privilege of extending ten years is entitled to damages for the breach of the lease for the period during which he had the option of extending the lease.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by F. W. Bromberg against the Eugenotto Construction Company, for damages for the breach of a lease caused by the improper construction of a storehouse. There was judgment for the plaintiff in a sum less than his demand, and he appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —There is no absolute rule that expected profits cannot be recovered as an element of damage, but the rule is that such profits as are speculative and remote cannot be considered. Where sufficient data is proven to enable the jury to determine with reasonable certainty what such profits are, they are recoverable.—*Brigham v. Carlisle,* 78 Ala. 249; *Snodgrass v. Reynolds,* 79 Ala. 452; *Dexter v. Manly,* 4 Cush. 14; *Smith v. Dinkinspiel,* 91 Ala. 531; *Davenport v. Prior,* 80 Ill. 542; *Metzger v. Brincat,* 45 South. 634, and authorities therein cited; *W. U. T. Co. v. Westmoreland,* 44 South. 382. Our contention is that the sales and profits for the four years business in the original site, as compared with the sales and profits in the temporary site furnished the data from which the jury could ascertain plaintiff's damages. —*Chapman v. Kirby,* 49 Ill. 211; *St. John v. Mayor of New York,* 13 How. 532; *Marquand v. LaFarge,* 5 Duer. 564; see also 33 Cal. 620; 91 Ind. 9; 42 Pac. 576; 38 Ia. 382. The court erred in restricting plaintiff's damages to the injuries suffered by him during the first

[Bromberg v. Eugenotto Construction Co.]

three years of the lease. The lease contained an option to extend the first term, and was not merely a covenant to renew.—18 A. & E. Ency. of Law, 693; *Montgomery v. Board,* 40 Am. Rep. 250; see also 92 Ind. 82.

CAMPBELL & JOHNSTON, for appellee. The evidence as to the profits from sales at the old stand compared with profits at the stand temporarily occupied on account of the failure to construct according to dimensions would have presented a remote and speculative claim of damages, and was properly excluded for many reasons.— *Moulton v. Myers,* 105 Ala. 495; *Reid v. Lewis,* 94 Ala. 628; *Gunter v. Beard,* 93 Ala. 227; *Howard v. Taylor,* 90 Ala. 245; s. c. 99 Ala. 450; *Clements v. Beatty,* 87 Ala. 239; *Gooden v. Moses,* 99 Ala. 22; *Buist v. Guice,* 96 Ala. 259. It would be a strange rule to announce in Alabama that the form of action makes no difference in recoverable damages, for punitive damages may sometimes be recovered in actions of tort although no actual damages are recoverable.—*Seller's case,* 92 Ala. 9; *Henderson's case,* 89 Ala. 510. Counsel discuss the cases cited by appellant and conclude that they do not qualify the long and established doctrine that probable or possible profits which might be made in the place of business which is not occupied and never has been occupied, are too remote, conjectural and speculative, for the jury's consideration.—Authorities supra, and *Pollak v. Gantt,* 69 Ala. 377; *Culver v. Hill,* 68 Ala. 66; *Bolling v. Glavencr,* 14 Ala. 695. The lessee was not entitled to damages for the term provided by the option of ten years' additional time.—24 Cyc. 960; Taylor's Landl. & Ten. 15 and 421; *Shepherd v. Rosecrans,* 109 Wis. 58. There is nothing in the contract which authorized him to extend the lease in case of partial performance, and there is nothing to show that he made any

reservation of his right to claim damages when he did extend the lease.—18 A. & E. Ency. of Law, 691. If he elected to extend the lease and hold the premises furnished, then there would be an element of estoppel against his claiming damages.—16 Cyc. 787. He cannot affirm in part and disaffirm in part.—16 Cyc. 791. The positions are antagonistic.—57 Minn. 155; 62 N. J. L. 779; 18 A. & E. Ency. of Law, 691.

SIMPSON, J.—This action was brought by the appellant against the appellee, claiming $50,000 as damages for the breach of a contract by which the defendant leased to the plaintiff, for a period of three years, with the privilege to the plaintiff to extend the period of leasing ten years, a certain storeroom, to be of certain dimensions, therein described, in a building then about to be erected by the defendant. The plaintiff claims that he was occupying, as a jewelry store, a certain storeroom in a building which stood on the ground to be occupied by said new building, having a lease contract for three years; that as a consideration for said leasing contract with defendant the plaintiff gave up and surrendered his lease contract in the old building, and explained to defendant, at the time of entering into the lease contract here sued on, that the new store-room had to be of the dimensions contracted for in order to accommodate his fixtures, used in the jewelry business; that by reason of the fact that the storeroom as constructed was of less dimensions than that contracted for, he could not use his said fixtures therein; that the room as constructed is not reasonably suitable for the conduct of a jewelry business, because of the diminished floor space, and frontage available for display purposes, and complainant was forced to abandon the idea of occupying said premises for a jewelry store, and has ever

since been occupying a less desirable location, thereby losing the good will of the location, besides sustaining the damage from having to occupy a less desirable space. The complainant took the premises, however, notifying the defendant that he would claim damages, as claimed, and he has also availed himself of the privilege of extending the lease to the ten-year period, and had sublet it. Judgment was rendered in favor of the plaintiff for $950, and he appeals, and assigns error in matters of evidence and in part of the oral charge of the court.

The leased store in the new building occupied the same location as had been occupied by the old store, where plaintiff had conducted his jewelry business for several years, and where he claims he had built up a good will. During the erection of the new building, the plaintiff had occupied a building on another street as a jewelry store, and after said erection has continued to occupy the same, claiming that he does so because of the unsuitableness of said new storeroom for his business. The plaintiff sought to introduce evidence showing the amount of his sales in the old building first occupied by him, and the amount of sales in the building on another street occupied by him since he left the original store, and offered to show that the falling off in sales resulted from the change of location. This was for the purpose of fixing the measure of his recovery, by the loss of profits which he would have made if he could have conducted his jewelry business in the new store. This evidence was excluded, and the assignments thereon constitute the first point insisted upon by the appellant as error.

It is difficult to see how any satisfactory theory could be worked out, from the evidence proposed, from which to estimate with any degree of certainty the damages

which plaintiff sustained from not occupying the new store for his jewelry business, even if it had been shown that it was impossible for him to occupy it. In the first place, his sales in the new store would not necessarily be equal to his sales in the old store. If there were any such thing as good will connected with the old store, it is impossible to say that the same class of customers would be attracted by the appearance of the new store, although it might be located on the same spot of ground as the old one, after a lapse of time. In the next place, the sales in the store spoken of as a temporary place were subject to too many contingencies to say that, if they were less, it was due alone to locality, or that some other locality might not have been selected where the sales would have been as good or better. Of course, the plaintiff took with him whatever of good will depended upon his own personality. The sales, or lack of sales, in the so-called temporary place, might have been influenced by various causes, such as plaintiff's judgment in selecting a good location, the manner in which he attended to his business, the manner in which his store was arranged and furnished and the goods were displayed, the price at which he sold, competition, the money market, and various contingencies too numerous to mention. The plaintiff gave up the old lease for a consideration, and his new lease was for the store in the new building, which he has, and is subleasing at a profit. If, as he contends, it was understood and agreed that the store was to be of certain dimensions to be used as a jewelry store, the measure of his damages would be the difference between the value of the lease if the store had been of the dimensions stipulated and its value as it is; and, if the agreement was sufficiently definite to justify it, possibly he might be entitled to the expense that would be incurred in exchanging his fixtures for

others of the dimensions suitable to the new store. The damages sought to be proved by the evidence offered were too remote, uncertain, and speculative.—*Nichols v. Rasch,* 138 Ala. 372, 377, 35 South. 409; *Reed Lumber Co. v. Lewis,* 94 Ala. 626, 628, 10 South. 333; *Moulthrop & Stevens v. Hyett & Smith,* 105 Ala. 493, 495, 17 South. 32, 53 Am. St. Rep. 139.

We do not find anything in the cases cited by the appellant that conflicts with the salutary principles laid down in the cases cited by counsel, and in others which might be referred to. The case of *Metzger v. Brincat,* 154 Ala. 397, 45 South. 633, is probably the strongest one in the direction claimed by appellant; but in that case the contract specially provided against the renting of another fruit stand in the same building, and the profits were shown to be certain and definite, and the damage actually sustained was proved.

The court, in its oral charge, instructed the jury that, "If they found for the plaintiff, in estimating his damages they could only consider the three years of the term of the lease from October 1, 1906, and could not take into consideration any part of the ten years of the extension of the leasehold after the expiration of the three years." The appellee contends that this instruction was not erroneous, because at the time of the breach of the contract the appellant had a lease only for three years. But he had more. He had a lease for three years, with the privilege of extending it for ten years longer; and, if he was entitled to damages by reason of the fact that he could not occupy it as a jewelry store for three years, he was equally entitled to damages by reason of the fact that he could not, by the exercise of the option secured to him in the contract, occupy it as a jewelry store for the additional period of ten years. Whether he exercised the option or not, the contract

was one, and he can recover, in one action, all the damage which has accrued to him for the breach, and the right to occupy the store as a jewelry store, at his option, for the additional period of ten years, was as fully guaranteed to him as the right to occupy it for the three years, and whether this additional right be taken as the value of the option, or the value of the store to him, for that period, the measure of his damages to him would be the same, to wit, the difference between the value of the store of the dimensions contracted for and as it is. The only difference would be that, if he did not exercise the option, the rent which he would have had to pay would be deducted from the difference in values.

In estimating the damages for the breach of the said contract, the jury must necessarily consider the fact that the plaintiff had a right to occupy the premises for the additional period of ten years. If it is a valuable privilege, he is entitled to compensation for being deprived of it; if not, there is no damage. It will scarcely be denied that, if the defendant had failed to erect the building at all, or had refused to allow the plaintiff to occupy it at all, he would have been entitled to damages for the entire breach of the contract. We can see no difference, except in degree, between an entire failure and a partial failure. The court erred in the part of the oral charge above set out.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

Dowdell, C. J., and Anderson and Mayfield, JJ., concur.