# Standard Oil Company v. Weeks.

## *Assumpsit.*

(Decided December 17, 1912. 60 South. 508.)

1. *Appeal and Error; Discretion; Failure to Answer Interrogatories.*—The provisions of section 4055, Code 1907, permitting the direction of a non-suit upon answer not being filed within the time is not mandatory, and where answer is subsequently filed, it is within the discretion of the court as to the penalty to be imposed; hence, where appellant did not question the sufficiency of the answer made at a term prior to that at which trial was had, appellant cannot claim prejudice to it in the overruling of its motion for non-suit because of the failure to answer within thirty days.

2. *Sales; Failure to Deliver; Measure of Damages.*—Where the purchaser cannot readily go into the market and supply the goods by paying the difference in price, the rule that a´buyer's measure of damages for refusal to deliver is the difference between the contract and market price at the time and place of delivery, does not apply.

3. *Same; Special Damages.*—If the contract to furnish gasoline to plaintiff for the operation of their cotton gin contemplated that the failure to furnish might stop the operation of the gin until plaintiffs could procure it elsewhere, then plaintiffs could recover the fair rent or hire of the gin for the time operations were stopped, on showing the cessation and duration; or if it had no rental value for a short time could recover interest on its value for that time, and possibly the amount of wages paid employes necessarily kept while the gin was stopped.

4. *Same; Special Damages; Pleading.*—Where it is sought to recover special damages because of a cessation of the operation of a gin for want of gasoline agreed to be furnished, such as the fair rental value of the gin or the interest on its value for that time, such damages must be specially pleaded.

11 CA

5. *Same; Loss of Profits; Evidence.*—Where the action was for a breach of contract to furnish plaintiff gasoline to operate its cotton gin, evidence as to the favorable location of the gin, indefinite arrangements with farmers to gin their cotton, and as to parties bringing seed cotton to their gin and taking it away while the gin was shut down for want of gasoline to operate it, and of the daily capacity of the gin, cost of its operation and price received, went to the question of lost profits from its want of operation, and was not admissible, such profits being largely a matter of conjecture and not recoverable.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by J. T. Weeks and others, against the Standard Oil Company, for breach of contract to furnish gasoline. Judgment for plaintiff and defendant appeals. Reversed and remanded.

W. W. and J. F. SANDERS, and TILLMAN, BRADLEY & MORROW, for appellant. The court should have sustained demurrers to the complaint.—6 Enc. P. & P. 248; I Id. 741; 4 Id. 918; *Hooper v. Armstrong*, 69 Ala. 344. The court should have granted defendant's motion for non-suit for failure to answer interrogatories.—*Allen v. Lathrop*, 90 Ala. 490; *Culver v. Ala. Mid.* 108 Ala. 330; Sec. 4055, Code 1907. The court erred in the admission of evidence going to the loss of profits, as the profits sought to be shown by such evidence were entirely too conjectural to be recoverable.—*Reid L. Co. v. Lewis*, 94 Ala. 626; *So. Ry. Co. v. Coleman*, 44 South. 837. The difference between the contract price and the market price at the time and place of delivery was the measure of plaintiff's damages.—*Beall v. Reynolds*, 78 Ala. 511; *McFadden v. Henderson*, 29 South. 640. No other or special damages were claimed in the complaint that were recoverable.—*Nichols v. Rash*, 138 Ala. 272; *So. Ry. Co. v. Coleman, supra.*

J. A. CARNLEY, and KYLE B. PRICE, for appellee. The complaint was sufficient.—*Watson v. Kirby*, 112 Ala.

436; *Ala. Chem. Co. v. Geis,* 143 Ala. 591; *Jasper v. Barton,* 1 Ala. App. 475. By the very terms of section 4055, Code 1907, the court is given the discretion in the matter of the penalty.—*M. & O. v. Seals,* 100 Ala. 368; *Culver v. Ala. Mid.,* 108 Ala. 330. The jury were entitled to all the facts and circumstances which would enable them to determine the nature and extent of plaintiff's business capacity, and consequent loss from the breach of the contract.—*A. G. S. v. Yarbrough,* 83 Ala. 241; *So. Ry. v. Coleman,* 44 South. 837; *Nichols v. Rash,* 138 Ala. 372; 35 L. R. A. (N. S.) 1025; 13 Cyc. 47 to 59. On these authorities it is insisted that the court was without error in its action, either on the pleadings or the proof.

WALKER, P. J.—The complaint sets out a written contract whereby the defendant agreed to furnish gasoline to the plaintiffs on terms and for a period plainly specified, together with a written statement evidencing its understanding of the amount of the commodity desired by the plaintiffs until otherwise directed and its undertaking to ship that amount each week, and avers a breach by the defendant of its alleged agreement. It shows with sufficient definiteness and certainty the existence of a contract obligation incurred by the defendant to the plaintiffs and the breach of that obligation. The demurrers to it were properly overruled.

As the defendant (the appellant here) did not question the sufficiency of the answers finally, and at a term preceding that at which the case was tried, made by the plaintiffs to the interrogatories propounded to them by the defendant, the latter is not in a position to sustain a claim that it could have been prejudiced by the action of the court in overruling its motion for a non-suit because of the failure of the plaintiffs to answer

the interrogatories within the time prescribed by law. The statute (Code, § 4055) does not make it mandatory upon the court to impose either of the penalties authorized in case of a default in answering interrogatories at the proper time when it is made to appear that they were subsequently answered in time to serve the purpose of the party propounding them. It cannot be said that the record shows that there was an abuse by the court of the discretion with which it was vested in this matter.

The defendant contracted to supply to the plaintiff a specified amount of gasoline in weekly shipments. There were averments and proof to the effect that the contract was entered into with knowledge on the part of the defendant that the commodity was contracted for by the plaintiffs for use by them in the operation of the cotton gin, and that such a supply as was contracted for was needed to keep the gin going. There also was evidence tending to show that the plaintiffs could not readily get, at the place to which the gasoline was to be shipped, the required supply of it when the defendant failed to furnish it, and that the defendant's failure to make the shipments according to the contract was likely to result in causing the suspension of the operation of the gin.

It may be assumed that the circumstances attending the making of the contract were such that the plaintiffs cannot be held to the ordinary rule for measuring damages for a vendor's failure or refusal to deliver goods sold, by the difference between the contract price and the market price of the goods at the time and place of delivery, with interest, as that rule does not apply when the purchaser cannot readily go into the market and supply himself with the desired goods by paying the difference in price, if any.—*McFadden & Bro. v. Henderson et al.*, 128 Ala. 221, 29 South. 640.

It seems that such a breach of contract as was charged against the defendant, if it resulted in interrupting the operation of the gin for an appreciable length of time before the plaintiffs could by the exercise of due diligence supply themselves from another source with the needed gasoline, and if this result was reasonably within the contemplation of the parties to the contract at the time it was entered into as a damage likely to ensue in the event of the breach complained of, would entitle the plaintiffs, on proper averments and proof, to recover as damages the fair rent or hire of the gin for the period of the interruption of its operation so caused, or, if it had no rental value for that period because of its shortness, interest for that period on its value, and perhaps the amount of the pay of hands necessarily kept unemployed during such interruption, and possibly other expenses or outlays necessarily incident to the interruption.—*Watson v. Kirby*, 112 Ala. 436, 20 South. 624; *Southern Railway Co. v. Coleman*, 153 Ala. 266, 44 South. 837; *Nichols v. Rasch*, 138 Ala. 372, 35 South. 408; *Alabama Chemical Co. v. Geiss*, 143 Ala. 591, 39 South, 255; *Alabama Iron Works v. Hurley & Brown*, 86 Ala. 217, 5 South. 418; *Harper Furniture Co. v. Southern Express Co.*, 148 N. C. 87, 62 S. E. 145, 30 L. R. A. (N. S.) 483, 128 Am. St. Rep. 588; 35 Cyc. 643.

Whether such items of damage as those just mentioned are recoverable on such a state of facts as that disclosed by the evidence in this case is not decided, as the pleadings in the case are not such as to present the question for decision. Certainly such damages would not in all cases ensue from a breach of a contract to supply gasoline for the operation of machinery. This being true, those items of loss were in their nature special damages, and, to authorize proof to be made of them, they should have been specially claimed in the

complaint.—*Bogan v. Bennett,* 102 Ala. 400, 14 South. 742; *Ross v. Malone,* 97 Ala. 529, 12 South. 182; *Alabama Great So. R. Co. v. Tapia,* 94 Ala. 226, 10 South. 236; *Lay v. Postal Telegraph Cable Co.,* 171 Ala. 172, 54 South. 529; 5 Ency. of Pl. & Pr., 733, 735.  The only claim of damages contained in the complaint being a general one for the alleged breach of the contract set out, the objections to evidence as to such items of damage as those above enumerated should have been sustained, as the damages sought to be shown by it could not be proved because not alleged or brought to the notice of the defendant by the claim made against it.

Exceptions were duly reserved by the defendant to the admission of evidence as to the gin being in a location which was favorable for the business in which it was employed, as to indefinite arrangements with neighboring farmers to have cotton ginned there, as to parties bringing seed cotton to the gin and carrying it away when the gin was shut down because of the lack of gasoline required to run it, as to the daily capacity of the gin, the cost of its operation, the prices received for ginning, etc.  This evidence went to show the value of the business and that loss was entailed upon the plaintiffs by the interruptions of it complained of.  We cannot discover that this evidence had any other purpose or tendency than to furnish a basis for an estimate of the plaintiff's loss of profits in consequence of such interruptions.  It is not denied that the plaintiffs may have been damaged by losing profits which they might have made if they had carried on the business without interruption.  But the conduct of such a business is necessarily subject to so many contingencies as to render it impracticable definitely to ascertain by proof what, if any, profits might have accrued from it during any given period when it was suspended, and to make

[Bass & Heard v. Clements, et al.]

any estimate as to what its results would have been if there had been no interruption so largely a matter of speculation or conjecture that the law rejects such a claim based upon loss of expected profits because such profits are incapable of that clear and satisfactory proof which is required to put them in the category of recoverable damages.—*Bixby-Theison Lumber Co. v. Evans,* 167 Ala. 431, 52 South, 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; *Bromberg v. Engenotto Construction Co.,* 162 Ala. 359, 50 South. 314; *Dickerson v. Finley,* 158 Ala. 149, 48 South. 548; *Nichols v. Rasch,* 138 Ala. 372, 35 South. 409. The evidence referred to should have been excluded, not only because the damages sought to be shown by it were not claimed, but also because they were not provable or recoverable when duly claimed.

The trial of the case turned to such an extent upon evidence improperly admitted that it is not deemed necessary, for the purpose of another trial in which new issues may be presented, to pass upon other questions presented by the record.

Reversed and remanded.