## HUYLER'S v. RITZ–CARLTON RESTAURANT & HOTEL CO. OF ATLANTIC CITY.

(District Court, D. Delaware. June 9, 1925.)

**1. Landlord and tenant ☞129(4)—Difference between rent reserved and actual rental value general damages for breach of covenant to give possession.**

For breach by lessor of covenant to give lessee possession, the measure of general damages is the difference between rent reserved and actual rental value at time of breach, had covenant been performed, based on the most valuable practical use for which the property is patently suitable, or, if uses are limited, then the most valuable permitted use.

**2. Landlord and tenant ☞129(3)—Facts by which rental value may be proved.**

Actual rental value, relative to general damages for breach of lessor's covenant to give possession, may be proved by amount lessee would have to pay for other premises equally well adapted to his business, or, if there be none such, then by evidence of advantages, both general and special, possessed by the demised premises, from which the fair rental value may be estimated by those having knowledge and experience with respect to such matters.

**3. Damages ☞5 — "Special damages" and "general damages" distinguished.**

While both special and general damages must be the natural and proximate consequence of the breach of agreement, "general damages" are such as inevitably follow, while "special damages" are such as may or may not follow.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Damages; Special Damages.]

**4. Damages ☞142—General damages presumed, but special damages to be specially pleaded and proved.**

General damages are, on proof of breach of contract, implied or presumed by law; but not so as to special damages, which must be specially pleaded and proved.

**5. Damages ☞142 — For special damages, knowledge or notice of circumstances to be pleaded and proved.**

A necessary element of pleading and proof of special damages from breach of contract is knowledge of or notice to the person charged with breach of the special circumstances giving rise to such damages.

**6. Landlord and tenant ⬅129(2)—Allegations of declaration for breach of lessor's cove· nant to build and give possession held to go only to general damages.**

Allegations of declaration for breach of lessor's covenant to build and give possession *held* such as to go to ascertainment and enhancement of actual rental of demised premises, and consequently admissible under allegation of general damages, and inadequate and insufficient to support claim for special damages.

**7. Landlord and tenant ⬅129(2)—Allegation of declaration pleaded only to establish notice necessary to recover for loss of profits.**

Allegation of declaration for breach of lessor's covenant to erect building and give lessee possession of part thereof, that the parties at time of lease contemplated and discussed that the volume of business and profits to plaintiff would exceed those of a certain other store of plaintiff, *held* not an attempt to modify the lease, but merely to establish defendant's notice or knowledge that loss of large profits would follow the breach.

**8. Landlord and tenant ⬅129(4) — When profits lost from breach of lessor's covenant to build recoverable.**

Recovery, by way of special damages, of profits lost by breach of lessor's covenant to erect a building on the demised premises and give lessee possession, may be had where such loss was a natural and proximate result of the breach, was within the parties' contemplation when contract was made, and is capable of ascertainment with reasonable certainty.

**9. Courts ⬅347—State practice of testing by special demurrer part only of declaration going to special damages followed.**

State case, holding that sufficiency of facts set forth to support claim for special damages may be tested by special demurrer directed to that part of the declaration only, will be followed, without inquiry as to weight of authority.

Action by Huyler's against the Ritz-Carlton Restaurant & Hotel Company of Atlantic City. On demurrer to declaration. Demurrer sustained in part.

See, also, 1 F.(2d) 491.

Herbert H. Ward (of Ward, Gray & Ward), of Wilmington, Del., and Roger Hinds, of New York City, for plaintiff.

Robert H. Richards, of Wilmington, Del., and George A. Bourgeois, of Atlantic City, N. J., for defendant.

MORRIS, District Judge. After the opinion of September 8th last was handed down (1 F.[2d] 491), the plaintiff, Huyler's, by amendment changed the form of its action from case to covenant. It then filed a new declaration, in which it relies upon the lease alone and seeks damages, special as well as general, for an alleged breach by the defendant, the Ritz-Carlton Restaurant & Hotel Company of Atlantic City, of those covenants of the lease whereby the defendant, as lessor, agreed to erect a building and give to the plaintiff, as lessee, possession of a specified portion thereof. The defendant has demurred to the declaration upon the grounds that some of the facts there pleaded in support of plaintiff's claim for special damages are such only as constitute evidence of general damages, and that the remainder seek to vary the terms of the written lease, and in addition thereto constitute a basis for speculative damages only. The challenged allegations of the plaintiff are:

"That the premises described in said lease from defendant to plaintiff, had said building been constructed and possession delivered to plaintiff in accordance with defendant's agreements and covenants, would have furnished and made available to said plaintiff, for its use or subletting, not only an exceptionally light, desirably located corner store on the Boardwalk, in the immediate neighborhood of the store which plaintiff surrendered to defendant, but also the benefits and advantages of the following valuable features (among others) as provided for in said lease, to wit: The privilege of an electric sign on the roof, which is of great value on said Boardwalk; a direct interior doorway into the corridor of the theater and auditorium, which, because of the passing crowds of theater patrons, is of great merchandising and advertising value; the exclusive privilege of selling candy in said building; the privilege of subletting; the privilege of renewal; and the provision for a store at the beach level, which is of great advertising value, because of its novelty and uniqueness, and of great merchandising value because of the trade of persons in bathing suits, to whom the Boardwalk stores are not available."

"That there are no premises in said neighborhood which can be leased by said plaintiff having the same desirable features as the premises described in said lease. That the benefits, advantages, and features of said lease as hereinabove set forth, and the damages which plaintiff would suffer by being deprived thereof, were contemplated and well understood by the plaintiff and defendant, and discussed between them at and prior to the making of said agreement and lease. That the said parties also then contemplated, well understood, and discussed between them the following special uses, benefits, and advantages of said promised lease

and leased premises, as well as the special damages which plaintiff would suffer if deprived thereof, to wit: That the erection of the then proposed Hotel Ritz-Carlton and the promised building on the adjoining block would greatly enhance all store rental values in that neighborhood, and greatly increase the volume and profits of retail sales there; that the promised store in the proposed building in the adjoining block because of its contiguity with the promised theater and bathing pavilion, would actually have a higher rental value, foot for foot, than stores in the proposed Hotel Ritz-Carlton itself, [that the volume of business and profits which plaintiff would enjoy from a confectionery store in said promised store on the Boardwalk level would exceed the volume and profits of plaintiff's store at No. 1119 Boardwalk, Atlantic City, viz. a volume of over $70,000 per annum and profits of over $22,000 per annum;] that the promised store at the beach level would attract bathers in large numbers, and the sales and profits therefrom would be very great. That the said uses, benefits, and advantages, as so contemplated, understood, and discussed, would in fact have been attributes of the promised lease and premises, if said building had been erected as promised, and by being deprived thereof plaintiff was actually damaged as aforesaid [* * * and has been deprived of and prevented from receiving large gains and profits which it would otherwise have gained and received * * *"].

The facts which, as defendant contends, afford no support for special damages, but have the infirmity of being merely evidential of the amount of general damages, are those not inclosed in brackets.

[1-5]. Is this contention sound? The law seems to be settled beyond dispute that for a breach by a lessor of his covenant to give the lessee possession of the demised premises or of his covenant to erect a building the lessee is entitled by way of general damages to the difference between the rent reserved by the lease and the actual rental value of the demised premises, at the time of the breach, had the lessor's covenants been performed. Sedgwick on Damages (9th Ed.) § 984; Sutherland on Damages (4th Ed.) § 864, vol. 3, p. 3188; Drischman v. McManemin, 68 N. J. Law, 337, 53 A. 548; McCulloch v. Lake Co., 91 N. J. Law, 381, 103 A. 1000; Neal v. Jefferson, 212 Mass. 517, 99 N. E. 334, 41 L. R. A. (N. S.) 387; Williams Wagon Works v. Gunn, 14 Ga.

App. 158, 80 S. E. 668; Gorman v. Miller, 27 Pa. Super. Ct. 62. Such actual rental value may be ascertained by proof of the amount which the lessee would be compelled to pay for other premises equally well adapted to his business. Sutherland on Damages (4th Ed.) § 864, vol. 3, pp. 3188–3190. If there are none such, the actual rental value would have to be ascertained by evidence of other facts from which the fair rental value may be estimated by those having knowledge and experience with respect to such matters. See Herpolsheimer v. Christopher, 76 Neb. 352, 107 N. W. 382, 111 N. W. 359, 9 L. R. A. (N. S.) 1127, 14 Ann. Cas. 399.

Obviously, the facts upon which the estimates would be predicated would consist of the size, character, location, use, and other advantages, both general and special, possessed by the demised premises. In general, the rental value will be based upon the most valuable practical use for which the property is patently suitable (Sedgwick on Damages, § 984, p. 2047; Neal v. Jefferson, 212 Mass. 517, 99 N. E. 334, 41 L. R. A. [N. S.] 387), unless the uses to which lessee was permitted by the lessor to put the property were limited, in which event the actual rental value may be based upon the most valuable permitted use for which the property is suitable (Bien v. Hess, 102 F. 436, 42 C. C. A. 421; Kellogg v. Malick, 125 Wis. 239, 103 N. W. 1116, 4 Ann. Cas. 893; Brewington v. Loughran, 183 N. C. 558, 112 S. E. 257, 28 A. L. R. 1543; Paris v. Johnson, 155 Ala. 403, 410, 46 So. 642). These, as I understand the matter, are the principles with respect to general damages by which the challenged allegations are to be tested.

But wherein do special damages differ from general damages, and the principles relating to the recovery of the one differ from those relating to the recovery of the other? Both must be the natural and proximate consequence of the breach complained of, but general damages are such as inevitably follow, while special damages are such as may or may not follow the breach. As a consequence general damages are, upon proof of the breach, implied or presumed by the law, while special damages are not so implied or presumed, and must be specially pleaded and proved. Roberts v. Graham, 6 Wall. 578, 18 L. Ed. 791; Howard Supply Co. v. Wells, 176 F. 512, 515, 100 C. C. A. 70. An indispensable element of such pleading and proof is knowledge or no--

tice, on the part of the person charged to be in default, of the special circumstances giving rise to the special damages flowing from the breach of contract. Taber Lumber Co. v. O'Neal, 160 F. 596, 602, 87 C. C. A. 498.

[6] Tested by the principles applicable to the recovery of special damages, as well as those pertaining to the recovery of general damages, I am of the opinion that the challenged allegations of the declaration, not inclosed in brackets, are such as go to the ascertainment and enhancement of the actual rental value of the demised premises, and, consequently, are admissible under the allegation of general damages, and that they are inadequate and insufficient to support a claim for special damages.

[7, 8] With respect to the allegation inclosed in the first set of brackets the defendant urges that it involves an attempt to modify or alter the terms of the written contract of lease by an alleged preliminary understanding or agreement which did not find a place in the contract as executed. I do not so understand it. As I view it, that fact is pleaded merely to establish that the defendant had notice or knowledge that the loss of large profits by the lessee would follow a breach by the lessor of his covenants to construct the building and give to the lessee possession of the demised premises. The establishment of that fact, essential to the recovery for loss of profits, would leave the contract unaltered. Helphenstine v. Downey, 7 App. D. C. 343; American Bridge Co. v. American Steam Co., 107 Minn. 140, 119 N. W. 783. But to this allegation, so interpreted, the defendant makes a further objection—that damages for loss of probable profits of business in which the lessee would have been engaged on the leased premises, had the defendant carried out its covenants, are too remote and speculative to be recovered in this action. This is the infirmity with which the allegation in the last set of brackets is likewise charged. While it is true that special damages for loss of profits for breach of a covenant to erect a building upon the demised premises or to give a lessee possession thereof are generally too remote and speculative to be recovered as special damages in an action for breach of such covenant, yet the recovery of such profits by way of special damages has been permitted where such loss was a natural and proximate result of the breach, was within the contemplation of the parties at the time the contract was made, and was

capable of ascertainment with reasonable certainty. Ascertainment with absolute certainty is not required. Neal v. Jefferson, 212 Mass. 517, 523, 99 N. E. 334, 41 L. R. A. (N. S.) 387. I find nothing in the declaration to support a finding of law that the case at bar is not of the latter class.

[9] The plaintiff takes the position that the sufficiency of the facts set forth to support the claim for special damages may not be tested by a special demurrer directed to that part of the declaration only, but the Superior Court of the state of Delaware, in Quaker Metal Co. v. Standard Tank Car Co., 123 A. 131, arrived at a contrary conclusion. I am inclined to the view that the advantages arising from conformity in procedure make it fitting that that case should be here followed, without inquiring as to whether or not it is sustained by the weight of authority.