198 So. 619

### LONGSHORE v. MAGGIO.

3 Div. 318.

Supreme Court of Alabama.

Oct. 10, 1940.

Rehearing Denied Nov. 22, 1940.

Walter J. Knabe, of Montgomery, for appellee.

FOSTER, Justice.

The question here presented in a suit by the lessee of an apartment in Montgomery against the lessor for a failure and refusal to perform his contract by refusing to deliver possession to him as agreed, is the bearing on the subject of damages of the difference between the contract price of such lease and that of a different apartment in a different part of the city, which plaintiff leased to take the place of that which he had leased from defendant.

The court had instructed the jury in his oral charge that under certain conditions named by him the measure of damages would include that item. The assignments of error are not specific enough to justify a consideration of them in this respect. But the refusal of charge No. 4, and the assignment of error based on it present the question.

The rule for measuring the damages in a suit by the lessee against the lessor is "that the lessee is entitled to recover the difference between the rent reserved and the value of the use of the premises for the term, together with other damages which are the direct and proximate result and natural consequence of the breach of the contract by the lessor, if such damages can be certainly and correctly estimated by reliable data." Prestwood v. Carlton, 162 Ala. 327, 349, 50 So. 254, 262; Snodgrass v. Reynolds, 79 Ala. 452, 58 Am.Rep. 601; Paris v. Johnson,

Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

155 Ala. 403, 46 So. 642; Tyson v. Chestnut, 118 Ala. 387, 24 So. 73; 1 Tiffany on Landlord and Tenant, section 85, pages 548, 549.

Illustrations of such special damages as may be recovered are embraced in 104 A. L.R. 137 et seq.; Indian Head Mills v. Hamilton, 212 Ala. 97, 101 So. 747; Bromberg v. Eugenotto Const. Co., 162 Ala. 359, 50 So. 314; 16 R.C.L. p. 559, section 29, and page 728, section 219; Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230; 36 Corpus Juris 57, section 676.

The authorities do not justify the allowance of such an item of damage as that above mentioned as a specific item of recovery. But evidence of it is proper to be considered in connection with other evidence showing the value of the lease as compared with the contract price. See Snodgrass v. Reynolds, supra.

We do not think that charge 4 would tend to mislead the jury into the belief that such evidence could not be considered at all, but since the court had charged the jury that it was a proper item of damages, defendant had the right to adopt this method of raising the question and obtaining an exception. The other charges refused to appellant were clearly refused without error.

For the refusal of charge No. 4 to appellant, the judgment must be reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.