BRADLEY, Judge.
This is an appeal from the Greene County Circuit Court’s order to sell for division ten acres of land.
Janie Javine, along with her brothers and sisters, inherited the ten acre homestead of Ab Javine, Sr. The house on the property had been unoccupied for several years when, in November 1979, Wilbert and Mau-dine Craig first asked Janie Javine whether they could rent the house. The Craigs are a low income family with nine children. Miss Javine stated that she could not tell them anything about renting the house without checking with the other Javine family members who owned an interest in the property. The Craigs persisted. They met with Janie Javine on at least two other occasions to discuss renting the house. In April 1980 Miss Javine stated that she had talked with her sister and, according to her sister, the Craigs could live in the house. The house was in ill repair and the Craigs were told that the Javines were not going to be responsible for making the house habitable. Soon thereafter the Craigs began working on the house. Their efforts at making the house habitable were aided by Catholic nuns and volunteers from a Catholic church in Birmingham.
On May 21, 1980 Janie Javine signed a lease which stated:
“I, Janie Javine (lessor) allow the Mr. Craig and Family [sic] to accupy [sic] the above mentioned premises without rent (for 5 Years); as they have shown through such actions as roof repair, function water-well for the premises, and general upkeep and maintenance of house (like repair of floor boards, extensive yard repair, etc.) that they are responsible parties in general upkeep of the home.”
The lease was prepared by Sister Teresa, one of the nuns who helped the Craigs physically and financially with the home repairs.
On October 20, 1980 Janie Javine filed a petition for sale of the property. No mention of the lease was made in her petition. In March 1981 the Craigs received a letter from Miss Javine’s attorney advising them to vacate the premises. The Craigs filed a motion to intervene in the petition for sale. Their motion was granted. They then filed an answer and counterclaim in which they alleged breach of the lease and unjust enrichment. Allegations of fraud were added later. They sought a declaratory"judgment granting the right to live rent-free pursuant to the lease, or in the alternative, the reasonable rental value of the leasehold interest. The Craigs also offered to purchase the house.
After hearing the witnesses for both sides, the court held “that all claims of the Intervenors, Wilbert Craig and Maudine Craig, are denied .... ” The court determined that Janie Javine owned a one-fourth interest in the property and ordered the property sold. The Craigs filed a motion for new trial and for specific findings of fact. This was denied. The Craigs appeal and raise several issues.
The Craigs first argue that in reviewing the trial court’s decision this court is not limited to the ore tenus standard of review — which is when testimony is heard ore tenus the trial court’s judgment is presumed correct and will not be disturbed on appeal absent a showing that the judgment is plainly and palpably erroneous. See e.g., Cedarwood Associates, Ltd. v. Trammell, *1306 410 So.2d 50 (Ala.1982); U-Totem of Alabama, Inc. v. Board of Adjustment, 412 So.2d 787 (Ala.Civ.App.1982). They claim that the testimony in this case was almost entirely without conflict. When the testimony is without conflict in its material aspects and the trial court makes no findings of fact, the ore tenus rule does not apply. Stiles v. Brown, 380 So.2d 792 (Ala.1980); Taylor v. Godsey, 357 So.2d 979 (Ala.1978); De Moville v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756 (1936).
Our review of the record, however, reveals a conflict in the testimony. The Craigs testified that when Janie Javine signed the lease she had authority to act for all the property interest holders. They also tried to prove that the lease agreement was subsequently ratified by the interest holders. Miss Javine testified that she told the Craigs that she had no authority to speak for her sisters and heirs. She further stated that she could not do anything without her family’s consent. And she said she had no authority from the family members to lease the property in question. The ore tenus rule applies in this case. Furthermore, when the trial court makes no formal findings, it is presumed that the court made such findings as would support the decree rendered. Hand v. Stanard, 392 So.2d 1157 (Ala.1980).
The second issue raised by the Craigs is whether there was a valid lease between a tenant in common, Janie Javine, and the lessees, the Craigs, with respect to that interest held by the tenant in common in the ten acres. The Craigs claim they had a valid written lease agreement with Janie Javine. Although Miss Javine testified that she did not know she was signing a lease, we have held in the past that absent a showing of fraud or duress, one who signs an instrument, even though she is ignorant of its terms, is bound by its terms. American National Bank & Trust Co. v. Robertson, 384 So.2d 1122 (Ala.Civ.App.1980). There was no allegation that Janie Javine had been fraudulently induced to sign the lease or that she had signed the lease under duress. See rule 8(c), Alabama Rules of Civil Procedure. Furthermore, our state recognizes that tenants in common hold separate and distinct titles and each tenant in common may lease their separate interest in property. Spurlock v. Spurlock, 364 So.2d 1149 (Ala.1978). Cotenants, however, bind only their share when they execute a lease. Crommelin v. Fain, 403 So.2d 177 (Ala.1981). By signing the lease agreement, Janie Javine bound only her interest in the property.
It is urged by the appellants that if the property cannot be partitioned their claims should be satisfied out of Miss Javine’s proceeds of the sale. They also contend that the other cotentants should be bound by the lease agreement and their sales proceeds should be subject to the Craigs’ claims.
As mentioned above, a tenant in common binds only his share when he executes a lease. An exception to the general rule is authorization or ratification. Crommelin v. Fain, supra. The Craigs argue that Janie Javine’s lease agreement was ratified by the other tenants in common. Maudine Craig testified that when she asked Ab Javine, Jr. about purchasing the property he stated that she needed to talk with Janie Javine because “[Miss Javine] was over it.” We are not convinced by the evidence in the record that Miss Javine’s actions were ratified by the other tenants in common. Furthermore, the record contains no evidence showing that Ab Javine knew he held an interest in the property when he allegedly made that statement.
The Craigs claim that another exception to the general rule is the doctrine of unjust enrichment. They assert that the house was uninhabitable before they began to work on it. Because of their efforts at making the house habitable, the value of the property was increased and the cotenants will enjoy the benefits of the improved property when the property is sold. Consequently, the damages for unjust enrichment should be assessed against all the cotenants since each benefits from the addition to the value of the property. Our review of the record reveals a conflict in the evidence as to this contention. A real estate appraiser *1307 who testified at trial stated that the house was in very poor condition and was physically and functionally obsolete. The appraiser’s testimony was based on a visit he made to the property a few days prior to the trial. Therefore, the trial court could have concluded that the cotenants have not been unjustly enriched by the alleged improvements made to the property.
The Craigs further argue that the trial court, in its order for sale of the Javine property, should have set apart the house and one acre for a private sale or partition to them. The Craigs claim such an allocation is appropriate since they allegedly improved the property. Such an allotment of a particular portion of land to a cotenant is justified if he has improved that parcel and if to do so would not affect the sale value of the balance. Hall v. Hall, 250 Ala. 702, 35 So.2d 681 (1948). However, in Hall the court was awarding a particular parcel to a cotenant, not a lessee. We find no authority to extend such relief to a leasehold. The Craigs argue that Alabama Code section 35-6-100, Code 1975, also provides for the relief requested. This statute states the following:
“Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not.”
§ 35-6-100, Code 1975. We note from the language of the statute that this procedure is only available to joint owners or tenants in common. Furthermore, the procedure as mandated in the statute was not followed. Therefore, the trial court did not err by refusing to partition the house and one acre or order a private sale of the parcel to appellants.
The appellants argue that if the trial court was not in error by failing to partition the one acre and house then the court erred by not awarding damages. Since there was a lease agreement and a breach of that agreement by Janie Javine, the trial court committed error by not awarding damages to the appellants. See generally, Nelson v. Nelson, 249 Ala. 482, 31 So.2d 685 (1947); Longshore v. Maggio, 240 Ala. 275, 198 So. 619 (1940); Tyson v. Chestnut, 118 Ala. 387, 24 So. 73 (1898). Any damages awarded to appellants should be charged against Miss Javine’s portion of the proceeds of the sale. Crommelin v. Fain, supra.
The Craigs’ final argument is that Janie Javine was guilty of fraud. From our review of the record, we find no evidence to support the appellants’ fraud contention.
That aspect of the judgment which did not award damages to appellants is reversed and the cause remanded for ascertainment of damages due appellants. All other aspects of the judgment are affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.