ADAMS, Justice.
This is the second appeal by Mark Cam-brón (Cambrón) from a judgment of the Jefferson County Circuit Court. In this case, Cambrón appeals from the trial court’s granting of a motion to dismiss for mootness filed by appellees Paul E. and Diane Carlisle.
Cambrón presents four issues for our review.
1. Whether Cambrón was entitled to a jury trial on the issues remaining after remand.
2. Whether the covenant by the lessor to maintain fire insurance was for the benefit of both parties to the lease.
3. Whether Cambrón was entitled, after remand, to a hearing on damages for wrongful termination of the lease.
4. Whether Cambrón was limited as a matter of law to damages accrued at the time of the first trial.
For reasons stated below, the judgment of the trial court is affirmed in part, reversed in part and remanded.
The facts are as follows:
On July 17,1978, Cambrón entered into a contract of sale with Diane Carlisle to purchase a business named “Dee’s Stop ‘N’ Shop Delicatessen” (Dee’s) in Birmingham. At the same time, Cambrón entered into a lease agreement with the Carlisles to lease the premises where Dee’s is located. Cam-brón conducted business at the leased premises until a fire occurred inside the building on February 10, 1980. Cambrón sent the rent for February and March to the Car-lisles. On March 12, 1980, the attorney for the Carlisles returned the rent to Cambrón with a letter terminating the lease. Cam-brón then filed suit seeking: one, a declaratory judgment as to his rights under the lease; two, a temporary restraining order restraining the Carlisles from leasing the premises to anyone else; and, three, damages for wrongful termination of the lease. The case was tried without a jury in May, 1980. After trial, the judge entered no findings of fact concerning the extent or nature of the fire damage, but held that the premises were rendered entirely unfit for the purpose for which they had been leased. Having found the termination to be lawful, the trial judge did not discuss in his ruling any rights or damages that Cambrón might have been entitled to under the lease. From that ruling, Cambrón appealed. In Cambron v. Carlisle, 406 So.2d 865 (Ala. 1981), we reversed and remanded, stating that the fire had not rendered the premises entirely unfit and that the lease was not null and void.
On remand, Cambrón filed a motion in the trial court requesting a jury trial on the issue of damages. On December 17, 1981, the trial court issued an order in which it held that the lease was not void, but that if Cambrón wished to re-enter the premises he would be obligated to reimburse the Car-lisles for the cost of all repairs to the leased premises. The court gave Cambrón thirty days in which to declare his intention to re-take possession of the property on that condition, such declaration being required before a determination could be made of the then-existing issues to be tried, if any. *1218 The trial court also denied Cambron’s request for a jury trial.
After thirty days Cambrón filed a motion for reconsideration of the order, and the Carlisles filed a motion to dismiss for mootness, since Cambrón had not declared his intention to re-take possession of the premises. During a hearing on these motions, Cambron’s counsel stated that Cambrón could not take possession at that time, and requested a hearing on damages. On January 28, 1982, the trial court stated that no evidence had been introduced as to damages in the original trial, nor had damages been argued on appeal. The trial court then dismissed the case with prejudice, stating that if Cambrón did not intend to re-take possession, the case was moot.
The first issue concerns the trial court’s action in denying Cambron’s demand for a jury trial. The formal procedure for making a jury demand is delineated in Rule 38(b) A.R.C.P., which states:
Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury.
However, Rule 38(d), A.R.C.P., states in clear and unambiguous terms that “the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury.”
In the instant case, Cambrón filed, his demand for a jury trial more than a year after service of the last pleading. Under these circumstances, the demand was certainly untimely, and, thereby waived. Dorcal, Inc. v. Xerox Corporation, 398 So.2d 665 (Ala.1981). The decision to grant an untimely jury demand lies within the trial court’s discretion. Here, the trial court did not grant the untimely demand, and we conclude that its failure to do so did not constitute an abuse of its discretion.
Next, we turn to the issue of whether the covenant by the lessor to maintain fire insurance was for the benefit of both parties to the lease. Cambrón argues that it was. Having found no Alabama cases precisely on point, we look to cases from other jurisdictions. In Fry v. Jordan Auto Co., 224 Miss. 445, 80 So.2d 53 (Miss.1955), the Supreme Court of Mississippi, addressing a lease provision similar to the one in the instant case, stated at 57:
The only reasonable construction that can be placed upon paragraph 6, as we see it, is that the obligation which the lessor assumed in that paragraph was an obligation to keep the building, insured against loss or damage by fire or storm for the benefit and protection of both parties to the lease contract.
(Also see Fred A. Chapin Lumber Co. v. Lumber Bargains, Inc., 189 Cal.App.2d 613, 11 Cal.Rptr. 634 (1961)). We agree with this principle of law as enunciated by the Fry court.
Although the lease did not obligate them to do so, the Carlisles, in reliance on the trial court’s original order, elected to repair the premises and take possession thereof. On remand, the Carlisles argued, and the trial court agreed, that Cambron’s right to re-enter the premises should be conditioned on Cambron’s reimbursing the Carlisles for all costs of repairs. Although it did not make any express finding with regard to the construction of the fire insurance clause, the trial court must have concluded that the fire insurance was for the sole protection of the Carlisles, since it conditioned Cambron’s right to re-enter upon reimbursement for the cost of repairs. Having stated that such a fire insurance clause in the lease was for the protection of both parties, we hold that Cambrón had an unqualified right to re-enter the premises. Therefore, the trial court erred in dismissing the case for mootness when Cambrón refused to re-enter the premises upon the trial court’s condition.
We now turn to the propriety of the trial court’s failure to grant Cambrón a *1219 hearing on damages. In its final order of February 4,1982, the trial court stated that Cambrón had not presented any evidence on damages at the original trial or argued the issue before this court on the first appeal. Although, at the original trial, Cambrón did not present any evidence as to the losses he sustained as a result of the Carlisles’ wrongful termination of the lease, he raised the issue of damages in his pleadings and presented evidence of the financial obligations he incurred in reliance on the lease. We opine that this is sufficient to preserve the issue of damages and that Cambrón is entitled to a hearing thereon.
As to Cambron’s fourth issue, we believe this court’s decision in Longshore v. Maggio, 240 Ala. 275, 198 So. 619 (1940), to be controlling. In Longshore, this court said:
“[T]he lessee is entitled to recover the difference between the rent reserved and the value of the use of the premises for the term, together with other damages which are the direct and proximate result and natural consequence of the breach of the contract by the lessor, if such damages can be certainly and correctly estimated by reliable data.” (Citations omitted.)
240 Ala. 275 at 276, and 198 So. 619, at 619. Furthermore, Cambron’s damages, if any, are to be proven under the standard enunciated in Longshore, supra, and will be limited to those accrued at the time of the original trial.
For the reasons stated herein, the judgment of the trial court is affirmed in part, and reversed in part, and the cause remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.