WATKINS, USE OF BATRE vs. DURAND.

*Error from Mobile Circuit Court*—Before the Hon. SION L. PERRY.

———◆———

Where A. effects an insurance on goods, and in the policy describes them as" owned by himself, held in trust, or on commission," and on their destruction receives the amount for which they were insured, he will be held to be the agent or trustee of B. whose goods were part of those described in the policy, and which had been deposited with A. for sale ; and B. can recover his proportionate ratio of the amount so received.

In such case, it is not necessary that an original authority should have been given to insure, or that it should be adopted prior to a loss.—— The adoption of the policy within a reasonable time after the loss, will bind the insurer.

This was an action of assumpsit, to recover the value of certain guns, which had been placed in the store of the defendant in error, to be sold at auction. The plaintiff below, proved that an insurance had been effected by Durand, on all the goods deposited with him, including the guns now in question ; and that he had described the same in the policy, as " goods belonging to himself, or held in trust, or on commission." That on the destruction of the goods, by fire, Durand had received the full amount of the insurance, being two thousand dollars, and less than the value of all the goods which were burned. To recover the value of the guns, out of the amount so received, this suit was commenced.

On the trial of the cause, the plaintiff moved the court to charge the jury, that if they believed the guns mentioned in the list of insured articles, were in fact, the property of the plaintiff, the defendant was estopped thereby, and could not allege that the plaintiff had not instructed him to cause insu-

<div style="margin-left">Batre<br>vs.<br>Durand.</div>

rance on his goods. The court refused to give this charge, and instructed the jury that the plaintiff could not recover unless they found from the testimony that the defendant had authority from the plaintiff to effect an insurance on his goods; or that after the insurance, the plaintiff had adopted the policy, which adoption must have been previous to the loss. The plaintiff excepted to the opinions of the court as above expressed, and now assigns the same as error.

HALE, for Plaintiff.

GOLDTHWAITE, *contra*.

By Mr. Justice SAFFOLD :

This action was assumpsit, for money had and received, &c. ; brought by Watkins, for the use of C. & A. Batre, against the present defendant, in the Circuit Court of Mobile. A trial was had on the general issue, in which the defendant prevailed. A bill of exceptions taken on the trial, discloses the following facts, as the foundation of the action.

Fifty eight guns, the property of the plaintiff, had been placed by him in the defendant's store, to be sold at auction. The defendant had caused the same, with other goods, amounting to more than three thousand dollars, to be insured by valued policies at two thousand dollars ; and after a loss of the goods by fire, had received the latter sum. The insurance embraced all the goods in the defendant's store, and were described in the application and policy, as goods belonging to himself, or held in trust or on commission. The plaintiff moved the court to charge the jury, that if they believed that the guns mentioned in the schedule of insured articles, were in fact, the property of the plaintiff, the defendant was estopped thereby, and could not say the plaintiff had not instructed him to cause insurance on his goods. This charge the court refused ; but instructed the jury, that the plaintiff could ~ ~~ ~. ~~less the~ found from the testimony, that the

defendant had authority from the plaintiff to insure his goods; Batre vs. Durand. or that after the insurance was effected, and previous to the loss, the plaintiff had adopted the insurance. These instructions are assigned as erroneous. The opinion of this court, lately pronounced in the case of *Durand* vs. *Thouron & Co.*[a] aSee p. 240. decides some of the principles involved in this, and may be referred to, for part of the views by which we are now governed. We there held, that a part owner, or one having a special property in the goods, might insure them for the joint benefit of all concerned; and that any form of insurance which expressed, or sufficiently implied this intention, would inure to the benefit of the other proprietors, or the principals, as the case might be, if authorised, or subsequently adopted by them in due time.

In this case, there being no subsequent agreement, as in the other, for the payment of a proportion of the insurance, it may be proper to notice more particularly, the effect of such insurance at the instance of the one, and the right of adoption by the other.

In the case of *Hagerdon* vs. *Oliverson*,[b] it was held, that the plaintiff could recover on the policy against the underwriters, b 2 Maul. & Sel. 485. though the former had no personal interest in the article insured; and had effected the insurance without previous authority from the owner, or any adoption of the act prior to the loss. The right to recover rested on the fact, that the plaintiff had effected the insurance as well in his own name, as for and in the name or names of all and every other person and persons to whom the same appertained. The subject of insurance was a ship bound for distant ports, and the owner, for whose benefit it was in fact insured, as disclosed by the declaration, adopted the insurance after the loss occurred, but before the institution of the suit against the underwriter.

*Hughes*, in his Treatise on Insurance,[c] thus notices that case. He says, the insurance was effected for the benefit of c Hughes on Ins. 41. the person for whose security it was afterwards applied, and was intended to cover his specific interest at the time; and

Batre
vs.
Durand.

although there was not any specific communication at the time, yet as he was connected in the concern, it was reasonable for the merchant to expect that the party benefited would adopt an act, which could be done with no other view, than for his benefit. The merchant could not have recovered back the premium from the underwriter, on account of the uncertainty, whether the party benefited would not adopt the insurance, in respect of which the underwriter would have insured the risk. The party benefited, was not, perhaps, absolutely liable to the merchant for the premium, but was under a moral, if not a legal obligation. Being under that obligation, and the policy having been effected with reference to his interest, an adoption of it by him after the loss, was sufficient.

a 13 East, 274.
b 2 New R. 283
291, 307.

A similar principle was recognised in *Ruth* vs. *Thompson*,[a] and in *Lucina* vs. *Crawford, et al.*[b]

c 5 Taunt. 101.

The cases cited in argument, in opposition to the plaintiff's right to recover, do not, it is conceived, conflict with the principles already advanced. In *Cohen* vs. *Hannam*,[c] a copartnership interest had been insured by one of the partners, as well in his own name, as for, and in the name or names of all other persons to whom the same appertained. The suit was brought by one of the partners; and in one of the counts of his declaration, he averred the interest to be in himself; and in another, that it was in the other partner. It was decided that he could recover on neither, on account of the variance between the "*probata et allegata*." *Mansfield*, Chief Justice, in delivering the opinion of the court, observed, that the simple question in that case, related to the averment of interest; that the persons interested in the policy were partners; that the action was in the name of one, as if for his sole benefit; and in that action, he was not entitled to recover. But he doubted not, that in a different form of action, a recovery could have been had. He also maintained, that previous to the statute of 19 Geo. II. averments of

the true interest in the policy were required, and of course the necessity of them was not referable to the statute.

Batre
vs.
Durand.

In *Bell* vs. *Ansley*,[a] the principle decided was, that where joint owners of property had caused it to be insured for their joint use, and on their joint account, they could not recover upon a count on the policy, averring the interest to be in one of them only. It was also held, that the necessity of disclosing the interest by the declaration, was not created alone by the statute, (the object of which was to prevent wager policies,) but that, independent of the statute, the underwriters were entitled to have it truly stated on the record, whose interest the policy was to protect. Both these latter cases also recognise the right of an agent, or a part owner, to effect an insurance for the true owners—using apt words for that purpose ; but they also require, that the record for the recovery of the insurance, shall disclose the true interest.

[a] 16 East, 141

The case of *Graves* vs. *The Boston Marine Insurance Company*,[b] was referred to in *Durand* vs. *Thouron & Co.*, and contains but little else than an adoption by the supreme tribunals of these states, of the principles of the English cases, which I have reviewed. The opinion by Chief Justice *Marshall*, maintains, that the policy must express, either generally or specially, the interest of all concerned ; also, that the interest of a copartnership cannot be given in evidence on an averment of individual interest, nor *vice versa*. The principle appears to be well settled, that in case of an open policy, the insured can recover only in proportion to his loss ; and that in case of a valued policy, when the property is greatly overvalued, with intent to defraud the underwriters, the insurance is entirely vitiated, and the insured cannot recover even to the extent of his actual interest.[c] But in this case, the more material question is, whether an adoption of the insurance by the plaintiff, previous to the loss, was indispensable to his right to recover. In as much as the insurance was effected by the defendant, not only as an individual owner, but as trustee, or agent on commission, he constituted himself the

[b] 2 Cranch 419

[c] Hughes on
Insur. 44, 45;
386, 387.

Batre
vs.
Durand.

representative of the entire interest insured—but claimed, not as the sole proprietor of it. The particular expressions of the policy in this respect, are not disclosed by the record ; yet we are left to infer that such also was its import. The defendant having, under these circumstances, received the sum at which the policies were valued, he was responsible to his *cestui que trust,* or principal, for his due proportion of the amount received, unless the latter has forfeited his right by refusing to allow the premium—by disclaiming the policy— or by refusing to adopt it in proper time. We have seen that in such cases the assent and adoption of the person bene- fited by the policy, may be declared after the loss, and is there- fore to be presumed, at least for a reasonable time. Having the right of adoption against the underwriter, it can be no less against the trustee or agent who has received the mo- ney. That the sum at which the policy was valued, may have been less than the value of all the articles consumed, does not destroy the right of any, for whose benefit the insurance was effected, to his proportion of the proceeds.

The bill of exceptions does not purport to disclose the whole of the evidence on the trial. No question is presented, respecting the necessity, or sufficiency of any adoption or dis- claimer, between the time of the loss, and the institution of this suit ; nor whether the commencement of the suit was of itself a sufficient adoption of the policy. We cannot, there- fore, anticipate these questions. But, in the opinion of the court below, that the plaintiff's original authority for the in- surance, or his adoption of it, prior to the loss, was indispen- sable to the plaintiff's right to recover, we all think there was error—and for which, the judgment must be reversed, and the cause remanded.