# Ross *v.* American Banana Company.

*Bill for Dissolution of Corporation.*

(Decided May 8, 1907.   43 So. Rep. 817.)

1.   *Corporations; Dissolution; Bill by Stockholder.*—A single stockholder may maintain a bill to dissolve a corporation and distribute its assets when it has failed of the object of its creation, whether the corporation be solvent or insolvent.

2.   *Same; Parties.*—In a suit by a stockholder to dissolve a corporation because it has ceased to be a going concern the remaining stockholders are necessary parties.

3.   *Same; Bill; Insolvency; Allegation of.*—Although the bill states that the corporation is insolvent it is not a sufficient allegation of insolvency where it further appears that there were subscriptions to the capital stock payable in money amounting to $300,000.00 and the solvency of such subscribers were not negatived and it is not alleged that such subscriptions were not ample to pay the debt.

4.   *Same; Misconduct of Officer.*—A bill by a stockholder to dissolve a corporation on account of the wrongful acts of the managing officer thereof which fails to allege a demand made on the proper officer and a refusal of the managing body of the corporation to redress the wrongs complained of or which fails to aver sufficient reasons for a failure to make such demand is insufficient.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Jack F. Ross against the American Banana Company. From a judgment sustaining a demurrer to the bill, complainant appeals. Affirmed.

[Ross v. American Banana Company.]

INGE & ARMBRECHT, and N. R. CLARK, for appellant.—Directors of a coporation are not necessary parties to a suit by a stockholder of a corporation to cancel stock alleged to have been illegally issued.—*Wood v. Union*, 22 N. W. 756; *Wood v. Hoskins*, 22 N. W. 759. The bill being by Ross on his own behalf and that of all other stockholders of said company, all the stockholders were parties complainant by representation.—*Shaw v. Railroad Company*, 5 Gray, 171; *Campbell v. Railroad Co.*, 1 Woods, 376; *Ashton v. The Bank*, 3 Allen, 220; *Rogers v. Rogers*, 3 Paige, 279; 4 Minn. 317; 8 Ohio, 500. The court erred in overruling the 3rd ground of demurrer. Under the allegations of the bill the corporation was insolvent.—*Corey v. Wadsworth*, 99 Ala. 68. It appears that the purposes for which the corporation was formed were impossible of fulfillment.—*In re Suburban Hotel Co.* L. R. Cha. App. 237; *Minor v. Belle Isle Ice Co.*, 17 L. R. A. 412; 4 Thomp. on Corp. secs. 4545-4547; *Benedict v. Columbus Const. Co.*, 23 Atl. 485; *O'Connor v. Knoxville Hotel Asso.*, 28 S. W. 309; *Noble v. Gadsden Land & Imp. Co.*, 133 Ala. 250. The chancellor erred in overruling the 4th ground of demurrer.—*Erwin v .R. & N. Co.*, 27 Fed. 625 and authorities supra. The court erred in overruling the 5th ground of demurrer.—*Noble v. Gadsden L. & I. Co., supra; Elyton Land Co. v. Dowdell*, 113 Ala. 186; Acts 1903, p. 336.

GREGORY L. & H. T. SMITH, for appellee.—The bill fails as to averments of insolvency. The allegation of insolvency is a mere conclusion, while the facts stated contradict the conclusion.—*Brice & Co. v. Lide*, 30 Ala. 649; *Knuckles v. Pinkston*, 38 Ala. 615; *Abbott, et al. v. Gillespy*, 75 Ala. 187. The bill was demurrable for failure to make the stockholders parties.—*McKleroy v. Gadsden L. & I. Co.*, 126 Ala. 193; *Wetherly v. Capital City Water Works*, 115 Ala. 157. The bill does not show that defendant is not conducting his business satisfactorily to a majority of the stockholders nor does it show that application was made to the directors for relief.—*Donald v. Manufacturing Export Co.*, 142 Ala. 584; *Crow v. Florence I. & C. Co.*, 143 Ala. 544; *Bell v.*

*Montgomery L. Co.,* 103 Ala. 275; *L. & N. R. R. Co. v. Neale,* 128 Ala. 149.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the chancellor sustaining a demurrer to the bill.

Where a private business corporation has failed of the purposes and objects of its creation, a single stockholder may maintain a bill in equity for the dissolution of such corporation and distribution of its assets among those equitably entitled thereto. Such a bill may be maintained, whether the corporation be solvent or insolvent; but under such a bill the remaining stockholders are necessary parties.—*McKleroy v. Gadsden Improvement Co.,* 126 Ala. 190, 28 South. 660, and authorities cited. This principle as to necessary parties is not departed from in the later case of *Noble v. Gadsden Land & Improvement Co.,* 133 Ala. 250, 31 South. 856. The latter case only makes application of rule 19 of chancery practice where the parties are numerous.

While the bill avers as a conclusion that the defendant corporation is insolvent, the facts stated in the bill contradict, rather than support, this averment. It is stated in paragraph 8 of the bill that there are subscriptions to the capital stock, payable in money, amounting to more than $300,000, and the bill does not negative the solvency of these subscriptions to the capital stock, nor that the same is not ample to pay the debts of the corporation. The bill, therefore, failing to sufficiently aver facts showing the insolvency of the corporation, or that it has suspended its ordinary business for the lack of funds to carry on the same, cannot be maintained under the act approved October 2, 1903.—Acts 1903, p. 338, § 50.

The bill contains many charges of wrongs against the corporation by its managing officers, which it seeks to redress. Considering this theory of the bill, it is wanting in necessary averments of a failure and refusal on the part of the managing body, after proper demand made for that purpose, to redress the wrongs complained of, or of averment of sufficient reasons for a failure to

make such demand.—*Crow v. Florence I. & C. Co.*, 143 Ala. 541, 39 South. 401; *L. & N. R. R. Co. v. Neal*, 128 Ala. 149, 29 South. 865; *Bell v. Montgomery Light Co.*, 103 Ala. 275, 15 South. 569; *Montgomery Light Co. v. Lahey*, 121 Ala. 131, 25 South. 1006; *Johns v. McLester*, 137 Ala. 283, 34 South. 174, 97 Am. St. Rep. 27.

We find no error in the ruling of the chancellor, and his decree is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.