# Alabama Central Ry. Co. *et al.,* *v.* Stokes.

*Bill for Receiver and Dissolution of Corporation.*

(Decided June 30, 1908. 47 South. 336.)

1. *Corporations; Dissolution; Insolvency.*—The term, insolvent corporation, as used in section 3512, Code 1907, (Gen. Acts 1903, p. 338, sec. 50) has reference to a corporation whose liabilities exceeds its assets, and not to a corporation who is merely not able to pay its debts as they become due in the ordinary course of business, but whose assets exceeds its liabilities.

2. *Same; Ground of Dissolution.*—At common law it must have appeared that a corporation has suspended business or is derelict, or

[Alabama Central Ry. Co. et al. v. Stokes.]

that it is impossible for it to attain the object for which it is formed in order to authorize its dissolution.

3. *Same; Parties.*—A stockholder in a corporation is a necessary party to a bill for its dissolution.

APPEAL from Montgomey Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by M. C. Stokes, as a stockholder, against the Alabama Central Railway and the other stockholders thereof, except one Wilson, for the dissolution of the corporation and the appointment of a receiver to wind up its affairs. Decree for complainant, and defendants appeal. Reversed and rendered.

W. F. THETFORD, JR., and GUNTER & GUNTER, for appellant. There is no occasion for the appointment of a receiver.—*Ala. C. & C. Co. v. Shackelford,* 137 Ala. 224. The bill was filed under section 50 of Acts 1903, p. 348, and all the stockholders are necessary parties.—*Ross v. Am. B. Co.,* 43 South. 817; *McElroy v. Gadsden L. & I. Co.,* 126 Ala. 184. A statute does not alter the common law other than is expressly declared.—*Cook v. Meyer,* 73 Ala. 580. The bill does not allege insolvency.— 16 A. & E. Ency. of Law, 636-7; *Ross v. Am. B. Co., supra; Corey v. Wadsworth,* 99 Ala. 68; *Coal City C. & C. Co. v. Hazard P. Co.,* 108 Ala. 223. The act has become incorporated in the Code with the construction placed upon it by these cases.—*Barnwell v. Murrell,* 108 Ala. 377.

J. M. CHILTON, for appellee. The objection as to want of parties was not properly raised.—*Lehman v. Greenhut,* 88 Ala. 417. The bill was well filed under sec. 3512, Code 1907. The corporation was insolvent in the sense as used there.—*Smith v. Collins,* 94 Ala. 394; 16 A. & E. Ency. of Law, 636; 13 Wall. 203; 16 Ib. 277; 16 Ib. 584. The bill shows that it is filed by a stock-

holder as the pledgor, who as owner of the stock before the sale may do whatever is necessary to protect it.— 22 A. & E. Ency. of Law, 864; 1 Cook on Stockholders, sec. 475, et seq.; *Sims v. Canfield*, 2 Ala. 555; *Thomason v. Dill*, 30 Ala. 444. The bill also falls within the second category of the statute.—*Bank of Commerce v. Hart*, 35 N. W. 631; 6 Words & Phrases, 5028. A trustee is not allowed to deal with trust property for his own benefit. —*Saltmarsh v. Bean*, 4 Port. 383; *Sledge v. Clopton*, 6 Ala. 539; *Dunham v. Millhaus*, 70 Ala. 596; *Perry v. Tuscaloosa Oil Co.*, 93 Ala. 364; *DeBardelaben v. Bessemer L. & I. Co.*, 140 Ala. 621.

ANDERSON, J.—The bill in this case evidently proceeds under Acts 1903, p. 338, § 50, being section 3512 of the Code of 1907, and which provides as follows: "Whenever any corporation shall become insolvent, or shall suspend its ordinary business for the lack of funds to carry on the same, any creditors or stockholders, may, by bill or petition, apply to the chancery court of the division in which the corporation has its principal place of business, or to any court in such place possessing chancery jurisdiction, for a writ of injunction and appointment of a receiver, and the dissolution of the corporation," etc. It will be noted that, in order to work a dissolution of the corporation under said statute, the corporation must be insolvent or must have suspended its ordinary business for lack of funds. As to insolvency, as used in special instances, as in the insolvency and bankruptcy laws, and especially when applied to traders or persons engaged in commercial pursuits, the term "insolvent" generally means the condition of a person who is unable to pay his debts as they become due in the ordinary course of business. But in its popular and general sense the term "insolvent" denotes the insuffi-

ciency of the entire property and assets of an individual to pay his debts.—16 Am. & Eng. Ency. Law, 636, and cases cited in note 3; 22 Cyc. 1256. We think the term "insolvent" as used in the aforesaid statute, should be interpreted to define insolvency in the general, rather than the special, sense, and that the statute has reference to a corporation whose liabilities exceed its assets, and not those which are merely embarrassed, but which have assets in excess of all liabilities.

The proof in this case shows that this respondent corporation has assets which exceed in value the amount of its indebtedness. The proof fails to show that the corporation has suspended its ordinary business for the lack of funds. On the other hand, it appears from the evidence that it is a going concern, engaged in the business provided by its charter. The complainant does not make out a case for a dissolution of the corporation under the common law, as the proof fails to show that the corporation has suspended business, or is derelict, or that it is impossible for it to attain the real objects for which it was formed.—*Noble v. Gadsden Co.*, 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27; *Ross v. American Banana Co.*, 150 Ala. 268, 43 South. 817. Moreover, Wilson, a stockholder, would be a necessary party to such a bill.

The chancellor erred in granting relief upon the proof, even if the bill contained equity upon its face, which point we need not decide. The decree of the chancery court is accordingly reversed, and one is here rendered denying complainant relief and dismissing the bill of complaint.

Reversed and rendered.

TYSON, C. J., and DOWDELL, SIMPSON, and DENSON, JJ., concur.