(100 South. 104)

**HOUSTON CANNING CO. et al. v. VIRGINIA CAN CO.   (4 Div. 59.)**

(Supreme Court of Alabama.   Feb. 14, 1924. Rehearing Withdrawn May 13, 1924.)

1. Corporations ⊜⇒672(4)—Foreign corporation suing on contracts must aver compliance with Constitution and statutes.

A foreign corporation suing on contracts constituting transaction of business in state must aver compliance with Constitution and Code 1907, §§ 3642–3644, 3651, 3653.

2. Corporations ⊜⇒642(1)—Leasing machines to be used in state held not "transaction of business in state."

Lease of machines to be used in state for 3 years was not transaction of business in state, under Code 1907, §§ 3642–3644, 3651, 3653, relating to foreign corporations, where machines were shipped into state and lessee was to pay freight and return at termination of lease, though lessor agreed to furnish mechanic to make adjustments after lessee set up machines.

3. Insurance ⊜⇒580(1)—Lessor of machines held entitled to portion of proceeds of fire policy.

Where lessee of machines agreed to keep them insured, and they were included in policy taken out by lessee, lessor, in case of loss by fire, was entitled to its proportion of proceeds; such proceeds constituting trust fund.

4. Insurance ⊜⇒580(1)—Held to arise under principle of treating that as done which should have been done.

Under principle of treating as done that which should have been done, equity will establish a lien on portion of proceeds of a fire policy in favor of lessor of machines, where lessee agreed to insure the machines and included them in insurance taken out.

5. Insurance ⊜⇒624(7)—Person claiming lien on property held proper party in suit to establish equitable lien on insurance proceeds.

In suit by lessor of machines to have equitable lien declared in its favor for pro rata share of proceeds collected under fire policy, covering its machines, one with whom policies were hypothecated and who had lien on lessee's real estate was a proper party.

6. Corporations ⊜⇒515—Ultra vires character of contract not appearing on face of bill must be set up by answer or plea.

If contract involved was beyond power of defendant corporation to make under its charter, such fact should be presented by answer or plea, and not demurrer, if it does not appear on face of bill to be ultra vires.

7. Equity ⊜⇒39(1)—Equity having jurisdiction for one purpose will retain cause for all purposes.

Equity having jurisdiction of cause for one purpose will retain it for all purposes to settle all matters involved growing out of contracts constituting subject-matter of suit.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill in equity by the Virginia Can Company against the Houston Canning Company and others, to have an equitable lien declared in its favor. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellants.

To obtain relief, it was necessary that the complainant allege its qualification to do business in this state. Mullens v. Amer.

Freehold Mtg. Co., 88 Ala. 280, 7 South. 201; Ashurst v. Arnold Co., 201 Ala. 480, 78 South. 386; Nelms v. Edinburg Co., 92 Ala. 157, 9 South. 141. The transactions in question constituted doing business in this state. Muller Mfg. Co. v. First Nat. Bank, 176 Ala. 229, 57 South. 762; Ala. West Ry. v. Talley Bates Constr. Co., 162 Ala. 396, 50 South. 341; Langston v. Phillips, 206 Ala. 174, 89 South. 523; Peters v. Brunswick-Balke-Collender Co., 6 Ala. App. 507, 60 South. 481; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 South. 403; Amer. Am. Co. v. East Lake Co., 174 Ala. 526, 56 South. 961; Collier v. Davis, 94 Ala. 456, 10 South. 86; Dudley v. Collier, 87 Ala. 431, 6 South. 304, 13 Am. St. Rep. 55.

Harry K. Martin, of Dothan, for appellee.

The transactions in question were not such doing of business within the state as to bring appellee under the statutes. Cit. Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 South. 83; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 South. 404. There is equity in the bill. Shadgett v. Phillips Co., 131 Ala. 478, 31 South. 20, 56 L. R. A. 461, 90 Am. St. Rep. 95; 5 Joyce on Ins. 5871; Hyde v. Hartford Ins. Co., 70 Neb. 503, 97 N. W. 629, 113 Am. St. Rep. 796; 2 Joyce, 2050.

MILLER, J. This is a bill in equity filed by the Virginia Can Company, a corporation organized under the laws of the state of Virginia, against the Houston Canning Company, a corporation organized under the laws of Alabama, the officers and directors of this corporation, the Firemen's Insurance Company, a foreign corporation qualified to do business in Alabama, and J. D. Flowers.

The complainant by the bill as amended seeks to have an equitable lien declared in its favor for its pro rata share of the proceeds collected under two insurance policies on its property (two automatic closing can machines) held by the Houston Canning Company as lessee, which with the property of this defendant were covered by the insurance policies, all of which was destroyed by fire. The Firemen's Insurance Company admitted an indebtedness under the policies aggregating $3,666.67. It filed an interpleader, and was allowed by the court to pay this sum to the register and be discharged from further liability. The Houston Canning Company was allowed by the court pending this proceeding to receive the proceeds of this insurance, by executing bond for its return to answer the final decree of the court.

The respondents, separately and severally, demurred to the bill as amended and parts thereof, which demurrers were by decree of the court overruled. This appeal is prosecuted by the defendants from such decree, and it is the error assigned.

The defendants insist the bill as amended is demurrable because it affirmatively appears therein that the complainant is a for-

eign corporation, and it was engaged in or transacting business in this state as shown by its two lease contracts upon which the relief is predicated, and it fails to aver, before making these contracts and engaging in that business, evidenced by them, that it had complied with the Constitution and statutes of this state. Sections 3642–3644, 3651, and 3653, Code 1907.

[1] This bill alleges the complainant is a corporation organized under the laws of the state of Virginia, and its principal place of business is in the city of Roanoke, Va. It should also aver compliance with the Constitution and statutes of this state before entering into these lease contracts, if it appears from the face of the complaint that the relief sought is predicated on these contracts, and they, under the facts averred, constitute engaging in or transacting business in this state by the complainant. Ashurst v. Arnold, etc., Co., 201 Ala. 480, 78 South. 386; Christian v. Am., etc., Mtg. Co., 89 Ala. 198, 7 South. 427; Farrior v. New Eng. Mfg. Co., 88 Ala. 275, 7 South. 200; Muller Mfg. Co. v. First Nat. Bank, 176 Ala. 229, 57 South. 762.

[2] The relief of complainant rests primarily on two contracts entered into by it with the Houston Canning Company. They are not sale contracts, but are lease contracts. One is attached to and made part of the bill by exhibit, and the bill avers the other contained the same terms and conditions. One contract is dated June 8, 1918, and the other July 25, 1919. The complainant by the former leased for three years from June 8, 1918, to this defendant a can-closing machine for No. 3 cans; and by the latter complainant leased for three years, from July 25, 1919, to this defendant a can-closing machine for No. 2½ cans. In the contract the complainant is called the lessor and the Houston Canning Company is called the lessee. In these contracts the "lessee agrees to pay the lessor an annual rental of $50 per annum for each machine and rental to be paid in cash at time of delivery." The bill avers this defendant is indebted to the complainant now in the sum of $100 for rent, and the value of each machine was $1,300. The machines were shipped from Roanoke, Va., to this defendant at Dothan, Ala., and the defendant was to pay the freight and the defendant after the termination of the lease contracts, was to return the machines, carefully crated, freight prepaid, to complainant at Roanoke, Va. The lessee contracted to keep the machines fully insured for the benefit of the lessor, forwarding the policies to it. This the lessee failed to do. The lessee was to buy cans from the lessor to be used in the machines. The lessor agreed that after the machines are set up and ready for operation by lessee—

"where it is necessary for further adjustment by lessor, it will furnish a mechanic to adjust the machine and give all necessary instructions

for proper operation; and, if for any reason or cause lessee requires further attention to said machine by lessor's mechanic, lessee agrees to pay lessor the entire expense for this additional attention to machine."

It does not appear where the contracts were executed. It appears the last lease was sent to complainant as an order by the lessee. These machines were shipped by the lessor from Virginia to the lessee at Dothan, Ala.; they were installed in the factory soon after the execution of the leases; and they were destroyed by fire with the building, including other goods and machinery therein on January 2, 1921.

In 12 Corpus Juris, 37, § 36, head note 33, we find the following: "Under some circumstances the business of leasing chattels may constitute commerce." In these contracts the machines are leased by the foreign corporation to the domestic corporation to be used by the lessee for three years in its factory in this state. The machines are shipped by the lessor from Virginia to the lessee in Alabama, the lessee is to pay the freight, and the annual rental is to be paid when the machines are delivered. After the termination of the leases the machines are to be returned to the lessor in Virginia by the lessee, freight prepaid, by the lessee. The lessee is to keep the machines during the lease fully insured in favor of the lessor against loss by fire. The leasing of these machines under the contract and the facts constitute interstate commerce. Similar contracts of leasing chattels by a resident of one state to a resident of another state have been held to constitute interstate commerce, and the lessor was not thereby engaging in business or transacting business in the state of the lessee, which made the lessor subject to the conditions imposed by the statutes of the state of the lessee. 12 Corpus Juris, 37, head note 33; U. S. v. U. S. Mach. Co. (D. C.) 234 Fed. 127; Mergenthaler Co. v. Hays (Mo. App.) 181 S. W. 1183; Bogata Merc. Co. v. Outcoult Adv. Co. (Tex. Civ. App.) 184 S. W. 333.

The only business to be performed by the lessor in this state under the lease contracts is to furnish a mechanic to adjust the machine after it is set up for operation by the lessee, and give all necessary instructions for proper operation, and, "if for any reason or cause the lessee requires further attention to said machine by the lessor's mechanic, the lessee agrees to pay lessor the entire expense for this additional attention to the machine." It does not appear that the lessor keeps a mechanic in this state for that purpose; nor does the bill state that its mechanic gave such instruction or adjusted the machines in this state. This was an incident of the leasing and an inducement for the lessee to enter into the contract, and does not destroy its character as a single act of interstate commerce. Puffer Mfg. Co. v. Kelly, 198 Ala.

131, 73 South. 403. It does not affirmatively appear from the lease contracts and the facts averred in the bill as amended that the complainant, by entering into them with the defendant, was engaging in or transacting any business in this state which would require it to comply with the Constitution and statutes of this state in order to make valid the leases. Authorities supra.

The defendant had two insurance policies issued by the Firemen's Insurance Company —one for $1,500, and the other for $2,500. Each policy was issued on (1) the building, etc., (2) machinery of every description, and (3) boiler and engine, etc., pro rata, according to a fixed amount for the property in the three items.

The bill clearly alleges these two machines were included in each policy of insurance as part of the machinery. The insurance company without contest voluntarily paid into court $3,666.67, the amount due by it under the policies. The bill alleges these two machines were destroyed by the fire, that they were included and covered in each policy of insurance, and a part of the insurance money paid by the company into court was on the value of these two machines, and that it is entitled in equity to a pro rata part of the proceeds.

[3, 4] The Houston Canning Company agreed in writing with complainant to keep these machines fully insured, and to send the policies to complainant. This it failed to do, but it insured said machines in two policies with other property, in its own name, and the property was destroyed by fire. The insurance company, without contest, paid into court the insurance on the two machines and other property referred to in the policies. This insurance money is a trust fund for the benefit of complainant and the Houston Canning Company, whose property was lost in the fire, and which was covered by the policies. Each is entitled to its proportion of the proceeds; the complainant has an equitable right under the facts averred to participate in the proceeds of this trust fund. There is equity in the bill as amended. The complainant had contracts with the Houston Canning Company to keep these machines fully insured for its benefit; and, in disregard of the contract, the Houston Canning Company insured the machines and other property in its own name, and resists payment of any of the proceeds to complainant. Under the circumstances of this case, "equity will upon the principle of treating as done that which should have been done, establish a lien on such proceeds" in favor of the complainant for its pro rata part. Shadgett v. Phillips & Crew Co., 131 Ala. 478, 31 South. 20, 56 L. R. A. 461, 90 Am. St. Rep. 95; Snow v. Carr, 61 Ala. 363, 32 Am. Rep. 3; Durand v. Thouron, 1 Port. 238; Watkins v. Durand, 1 Port. 251.

[5] J. D. Flowers is a proper party to the

cause. The bill alleges the Houston Canning Company purchased some real and personal property from said Flowers, for which he holds a lien on the real estate for the balance of the purchase price, and the insurance policies were hypothecated with him. We find in one of the policies of insurance this clause:

"It is agreed that any loss or damage that may be ascertained and proved to be due the assured under this policy shall be held payable to J. D. Flowers. This applies to the machinery purchased from the said W. R. Flowers Lumber Company only as his interest may appear, subject nevertheless to all conditions of the policy."

It is evident that J. D. Flowers is materially interested in the proceeds of the policies, and this makes him a proper party to the cause, so his claim and interest in the trust funds can be presented to and passed on by the court. Winn v. Fitzwater, 151 Ala. 171, 44 South. 97; Ross v. Am. Banana Co., 150 Ala. 268, 43 South. 817; 20 Corpus Juris, 258, § 253, head note 15.

[6] The appellant insists the bill as amended is demurrable as a whole and in part because it seeks damages for breaches of the lease contracts, for the failure of the Houston Canning Company to comply with the contracts, in which it agreed to keep the machines fully insured for the benefit of the Virginia Can Company, forwarding the policies to them. This does not require the Houston Canning Company to insure the machines, but obligates it under the contract to procure insurance policies from insurance companies on the machines for their full value for the benefit of complainant, and to send the policies to complainant. The contracts, the breaches of them, and the injuries proximately caused thereby, appear sufficiently in the facts averred, to constitute a cause of action. If this part of the contract was beyond the power of this defendant to make under its charter, then it should be presented by answer or plea, and not demurrer, because it does not appear on the face of the bill as amended to be an ultra vires contract of this defendant. Ala. Red Cedar Co. v. Tenn. Valley Bk., 200 Ala. 622, 76 South. 980.

[7] There is equity in the bill as amended, as hereinbefore shown. The circuit court in equity has jurisdiction of the cause for one purpose, and it will retain it for all purposes to settle all matters involved growing out of these lease contracts between the parties. 5 Michie Dig., pp. 470, 471, § 31 (1) and (2).

The decree of the court is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.