PANHANDLE OIL CO. *v.* THERRELL *et al.*

(Division A. Dec. 8, 1930. Suggestion of Error Overruled, Jan. 19, 1931.)

[131 So. 263. No. 29029.]

Creekmore & Creekmore, of Jackson, for appellant.

Watkins, Watkins & Eager, of Jackson, for appellee.

Smith, C. J., delivered the opinion of the court.

The appellant, by means of an original bill, sought to recover from the appellee Therrell and the Ætna Insur-

ance Company a judgment for six hundred dollars and interest. A demurrer to the bill was sustained, and an appeal to this court was granted, to settle the principles of the case.

The bill alleges, in substance, that Therrell leased to the appellant a lot in the town of Florence, on which was situated a filling station, for five years, at an annual rental of two hundred forty dollars per year, the lease contract stipulating that:

"Party of the second part (Panhandle Oil Company) does further agree to deliver the aforesaid property at the termination of this lease contract in the hands of party of the first part in as good state of repair as when received under the terms of this lease contract, saving and excepting wear and tear and ordinary deterioration of the property, and all acts of Providence, such as destruction by lightning, tonado, etc., for which no liability is assumed by party of the second part.

"It is further understood and agreed that party of the second part shall have the option of purchasing the above described land and property at any time during the life of this lease at a price of two thousand ($2,000) dollars. In case party of the second part does purchase said property during the life of this lease, then the yearly rental of two hundred forty dollars covering rent for the year during which purchase is made will be applied on the purchase price of the property."

Before the expiration of the lease a house on the lot used in connection with the filling station was destroyed by fire, not caused by lightning, a tornado, or any other act of Providence. When the house was burned Therrell held a fire insurance policy thereon in the Ætna Insurance Company for six hundred dollars, which he collected. The appellant decided, after the burning of the house, to purchase the lot in accordance with the terms of the lease contract, notified Therrell of its intention so to do, and demanded that he credit on the price thereof the six hundred dollars collected by him from the insurance

company; which company, when it paid Therrell, knew that the proceeds of the policy were, or would be, claimed by the appellant. Therrell declined to comply with this request, and the appellant then paid him for the lot, in accordance with its lease contract, and he executed to it a deed therefor.

We will assume, for the purpose of the argument, that the appellant's right, vel non, to the proceeds of the insurance policy, remains unaffected by the settlement made by it with Therrell, pursuant to which Therrell executed to it a deed to the lot.

The appellant's contention, in effect, is that the insurance policy, being a contract of indemnity, inured to the benefit of the party to the lease contract on whom the loss, in event of the destruction of the house by fire, must fall; that had it restored the house, as under the lease contract it was bound to do, the loss would have fallen on it; and since it paid Therrell the full price for which he agreed to sell the lot before the house was burned, the loss occasioned by the burning of the house has fallen on it.

Under section 2834, Code of 1906, Hemingway's 1927 Code, section 2494, the appellant was bound to restore the burned house if the lease contract discloses—and we will assume for the purpose of the argument that it did disclose—that such was the intention of the parties thereto. The lease contract did not provide for the insuring of the house, and it does not appear from the bill of complaint that the appellant had any connection whatever with the issuance of the policy of insurance thereon.

This being true, the fact that Therrell insured the house for his own benefit did not relieve the appellant from its obligation to rebuild the house; and had it rebuilt the house, it would not have been entitled to recover the insurance money from Therrell. 36 C. J. 146; Jones on Landlord and Tenant, section 398. That, instead of rebuilding the house, the appellant purchased the lot in accordance with the terms of its option so to do, in no

way changed its relation to the insurance policy or its proceeds.

Had the lease contract provided for the insuring of the house, as did the contract in Williams v. Lilley, 67 Conn. 50, 34 A. 765, 37 L. R. A. 150, here relied on by the appellant, a different question would be presented.

Affirmed.