VOIGHT ET AL., APPELLEES, *v.* THE SOUTHERN OHIO
SAVINGS BANK & TRUST CO., APPELLANT.

(Decided November 20, 1939.)

*Mr. Carl G. Werner* and *Mr. James S. Richards,* for
appellees.
*Mr. Malcolm McAvoy,* for appellant.

MATTHEWS, J. This is an appeal on questions of
law in an action for a declaratory judgment and pre-
sents the question of the proper disposition of the
proceeds of fire insurance policies upon a building at
55 Walnut street, Cincinnati, Ohio, which was de-
stroyed by fire. The insurers have paid the total

amount of the policies ($4,500) into court, and by stipulation have been discharged from further liability.

The court is asked to decide between the rival claimants. These claimants are the grantees of the lessors under a perpetual leasehold on the one hand, and a mortgagee of the perpetual lease on the other. This lease was executed in 1848, and contained this provision:

"The said party of the second part, his heirs and assigns, also covenants and agrees to erect on said lot with [within] one year from date of this lease a good and substantial brick building not less than twenty one feet and three inches front and from sixty to eighty or more feet deep and at least three stories in height. The said party of the second part, for himself and assigns, also covenants and agrees to insure said building for at least fifteen hundred dollars against loss by fire, and if not so insured by said party of the second part within thirty days from completion of said building, the said parties of the first part, or either of them, may cause said building to be insured, and such insurance under any circumstance in the case of the destruction of said building by fire shall be applied to the erection of a similar building and in every case the insurance shall be at the expense of the said party of the second part."

By mesne conveyances, this perpetual lease was acquired by Caroline L. Voight, and the reversion in fee simple by the plaintiffs, other than James S. Richards, who is the assignee of the claim of Caroline L. Voight to the proceeds of the insurance policies.

On March 31, 1930, Caroline L. Voight, the lessee, borrowed $5,000 from the defendant, The Southern Ohio Savings Bank & Trust Company, and gave a mortgage on her leasehold and other real estate to secure the payment of the indebtedness. In this mortgage, the mortgagor agreed:

"To keep the improvements on said real estate in-

sured to the amount of $5,000 for the benefit of said grantee as additional security, in companies which shall be satisfactory to said grantee, during the existence of said debt, and to deliver to said grantee all policies and renewal receipts relating to said insurance, to be held until said principal note and interest are fully paid.''

In compliance with this provision, the mortgagor insured the building on the premises other than the leasehold in the amount of $2,500, and insured the building on the leasehold for $4,500. There was attached to each of these policies a mortgage clause providing that:

''Loss or damage, if any, under this policy shall be payable to The Southern Ohio Savings Bank & Trust Company, mortgagee, as its interest may appear.''

On the face of each policy was the following provision:

''It is understood and agreed that the building herein insured stands on perpetually leased ground, but this condition shall not prejudice this insurance.''

These policies, or renewals in identical language, were delivered to The Southern Ohio Savings Bank & Trust Company, the mortgagee, and were in its possession continuously up to the time of the destruction of the building by fire on January 10, 1938.

It will require the entire proceeds of the insurance to erect a building similar to the one destroyed.

Thus it is seen that the insurers are not parties to this controversy. They have admitted liability for the loss and have paid the full amount of such liability and the fund is now within the control of the court for the purpose of awarding it to the rightful claimant or claimants. We, therefore, regard the cases of *State, ex rel. Squire,* v. *Royal Ins. Co.,* 58 Ohio App., 199, 16 N. E. (2d), 342, and *Union Central Life Ins. Co.* v. *Clinton Mutual Ins. Assn.,* 51 Ohio App., 20, 199 N. E.,

223, relied on by appellant, as inapplicable. Those cases decided that the standard loss payable clause created an independent contractual relation between the insurer and the person named in the clause as the beneficiary, which, according to the express terms of the clause, could be enforced by such beneficiary, notwithstanding any act or neglect of the mortgagor or owner. The case at bar involves no issue relating to payment by the insurer. The issue here relates to the disposition of the fund created by the payment.

It is an elementary principle running through the entire body of the law, with no exception of any value at the present time, that in the absence of a statute, a transferee having full knowledge of all the facts can acquire no better or greater title than his transferor had. This rule applies to all forms of real and personal property, whether corporeal or incorporeal, negotiable or non-negotiable. If the title of the transferor is subject to some qualified right, either legal or equitable, and this is known to the transferee, he takes the title of the transferor subject to the same burden.

Now, as a mortgagee, The Southern Ohio Savings Bank & Trust Company was a transferee of a lien title in the lease. The lease was properly recorded and, of course, the record constituted constructive notice to all of its provisions. The policies themselves contained the recital that the buildings insured stood on perpetually leased property. It must be said then that The Southern Ohio Savings Bank & Trust Company had both constructive and actual notice of this lease and all of its provisions. It must be held to have known at the time it loaned Caroline L. Voight the money and took the mortgage that the lease contained a provision requiring the lessee, and his assigns, to keep the building insured against loss by fire and in the event of loss from that hazard to use all the proceeds of the insurance necessary in the erection of a similar building.

But it is argued that although the original lessor and lessee agreed in terms that their covenant should be binding upon assignees of the lease, the covenant is, nevertheless not binding upon the assignee because it is personal in nature and does not run with the land despite the express provision that it should. And that brings us to the vital question in this case. Did this covenant run with the land? Was Caroline L. Voight bound to the owners of the reversion in fee to insure and apply the proceeds of insurance?

We find these questions answered in several cases that bear a close factual resemblance to the case at bar.

In *Northern Trust Co.* v. *Snyder,* 76 F., 34, it was held as stated in the syllabus:

"Covenants that the lessee will keep the buildings insured for two-thirds of their value, and, in case of destruction by fire, will use the proceeds of such insurance for rebuilding, or will pay over the insurance to the lessor at his option, run with the land, and bind the assignee of the lease and all acquiring rights under him.

"Lessees covenanted to construct buildings and keep them insured for two-thirds of their value, the proceeds of insurance to be used in rebuilding, or to be paid over to the lessor, at the lessee's option. A trust deed executed by the lessor required a similar amount of insurance, and such deed also contemplated that the fund arising from the insurance be applied to rebuilding. *Held,* that it was proper to award the sum so derived to the lessor, as against the trustee."

On rehearing, the decision was adhered to. 77 F., 818.

The same conclusion was reached in *American Ice Co.* v. *Eastern Trust & Banking Co.,* 188 U. S., 626, 47 L. Ed., 623, 23 S. Ct., 432; *Cook* v. *Commellini,* 196 Wash., 125, 82 P. (2d); 143; *Alexander* v. *Security-First*

*Natl. Bank of Los Angeles,* 7 Cal. (2d), 718, 62 P. (2d), 735; *In re Sands Ale Brewing Co.,* 3 Bissel's Rep. Dist. Ct., 7th Jud. Cir., Dist. Ill.), 175; and *Houston Canning Co.* v. *Va. Can Co.,* 211 Ala., 232, 100 So., 104.

And our own Supreme Court held in *Masury* v. *Southworth,* 9 Ohio St., 340, that:

"1. An assignee of a reversion, having also assigned to him, by the terms of his contract of conveyance, the benefit of the covenants in a lease, may bring an action in his own name for a breach of such covenants, as the party beneficially interested, under the code of civil procedure, which, in this respect, supplies the statute 32 H. 8, cap. 34.

"2. A covenant to insure, when the money realized, in case of loss, is to be expended in rebuilding or repair, is such a covenant as may run with the land.

"3. When such a covenant to insure has for its object a building to be erected after the date of the lease, but which, when erected, is to be used by the lessee, and is an essential ingredient in the agreement of the parties for the creation of the estate, it is not indispensable to make such a covenant run with the land, that 'assignees' should be expressly named; but the covenant being one which may be annexed to the estate, and run with the land, equivalent words, or a clear intent shown by the whole instrument, may suffice."

See also 24 Ohio Jurisprudence, 1034 *et seq.*

Our conclusion is that the assignee of this lease was, and is bound by the covenant to insure and rebuild, and that the mortgage of her interest takes its lien subject to the same burden.

The trial court rendered judgment declaring in substance that the lessors had a right to have the proceeds of this insurance devoted to the erection of a building on the leased premises similar to the one de-

stroyed by fire. In our opinion, the judgment correctly declared the rights of the parties.

The judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and ROSS, J., concur.