Fry *v.* Jordan Auto Co., et al.

No. 39617 May 23, 1955 80 So. 2d 53

446

*Laub, Adams, Forman & Truly,* Natchez, for appellant.

*Brandon, Brandon, Hornsby & Handy,* Natchez, for appellees.

448

APPELLANT IN REPLY.

KYLE, J.

This case is before us on appeal by Mrs. Louis Regina Fry, plaintiff in the court below, from a judgment of the Circuit Court of Adams County in favor of Jordan Auto Company and Eddie Rhone, defendants, in an action for damages for the alleged negligent burning of a garage building in the City of Natchez, which was owned by the plaintiff and occupied by the Jordan Auto Company as lessee.

The record shows that the appellant was the owner of the building referred to in the plaintiff's declaration and that the Jordan Auto Company occupied and used the building as an automobile repair shop. Eddie Rhone was an employee of the Jordan Auto Company; and during the afternoon of March 20, 1951, while Rhone was engaged in cutting a piece of steel from the frame of a 1946 Chevrolet truck by melting the steel with an acetylene

torch, Tom Briggs and two other colored boys, who were standing on the other side of the truck, undertook to remove the gas tank from the truck, and a fire was started on the right side of the truck where the cap of the gas tank was located. The fire spread rapidly, and the building was partially destroyed before the fire could be brought under control.

The declaration was filed against Jordan Auto Company, Tom Briggs and Eddie Rhone as defendants; and in the declaration it was alleged that Eddie Rhone was a servant and employee of the Jordan Auto Company, and that Tom Briggs and other persons who were assisting him were acting temporarily as servants and employees of Jordan Auto Company. It was then alleged that at the time the fire was started Eddie Rhone was using the acetylene torch to cut the piece of steel from the frame of the truck, and that Tom Briggs and his helpers were engaged in removing the tires and gasoline tank from the truck; and that the gasoline from the tank of the truck was ignited by the flame from the acetylene torch and the fire resulted therefrom. It was charged that Tom Briggs and his helpers were negligent in continuing to work at their job during the time that Eddie Rhone was using an acetylene torch in close proximity to the gasoline tank, and that Eddie Rhone was negligent in using the acetylene torch near the gasoline tank without first determining that no gasoline had been spilled or was exposed to the torch.

Tom Briggs filed no answer to the declaration and the plaintiff took a nonsuit as to him at the beginning of the trial.

The defendant Jordan Auto Company and Eddie Rhone, in their answer, denied that Tom Briggs and his helpers were servants or employees of the Jordan Auto Company or that they were assisting Eddie Rhone and the Jordan Auto Company in removing the tires and the gasoline tank from the truck. The defendants denied

that Eddie Rhone was guilty of any negligence in using the acetylene torch near the gasoline tank, as alleged in the plaintiff's declaration; and they denied that the gasoline from the tank of the truck was ignited by the acetylene torch as a direct and proximate result of any negligence on the part of Eddie Rhone. The defendants averred in their answer that they had no knowledge that Tom Briggs or the other persons who were acting with him would tamper with the gasoline tank or attempt to remove the same from the truck, or empty or spill gasoline therefrom; and the defendants averred that they were guilty of no negligence which caused the fire or the resulting damage to the plaintiff's property.

In an amendment to its answer the Jordan Auto Company alleged that by the terms of the lease contract in force at the time of the fire the plaintiff was obligated to effect and maintain insurance upon the building during the life of the lease contract for the benefit of not only herself but also the Jordan Auto Company, and to use so much of the insurance as might be needed for that purpose for the reconstruction and repair of the building, in the event the building should be damaged or destroyed by fire; and that the plaintiff had effected and maintained insurance upon the building in the sum of $15,000, for the benefit of herself and the Jordan Auto Company; that the plaintiff had collected the proceeds of the insurance policies after the fire and had repaired and reconstructed the building, as she was obligated to do, without any request or demand by her that the Jordan Auto Company pay any part of the cost thereof; that the Jordan Auto Company was entitled to full credit for the amount of the insurance against any claim or demand that the plaintiff might assert against the Jordan Auto Company; and that the plaintiff was entitled to no recovery against the Jordan Auto Company. A copy of the original lease contract and the agreement between the plaintiff and the Jordan Auto Company

was attached to and made a part of the amendment to the answer. The plaintiff in her replication to the affirmative defense interposed by the Jordan Auto Company admitted the execution of the lease contract referred to above; and the plaintiff admitted that the contract, by mutual consent and agreement of the parties, had been renewed and extended and was in full force and effect at the time of the fire.

The plaintiff also admitted that she had effected and maintained insurance on the building against loss by fire in the sum of $15,000; but she denied that she had done so for the benefit of both herself and the defendant, or that she was contractually obligated to rebuild or repair the leased premises.

Eddie Rhone, who was called to testify as an adverse witness for the plaintiff, testified that he was working at the rear end of the truck on the left hand side of the truck. The boys who undertook to remove the gas tank were standing on the right side of the truck near the front end. Rhone told the boys not to fool with the gas tank. They said, ''All right, they wouldn't.'' Rhone then started cutting, and said nothing more to the boys after he started cutting the piece of steel with the acetylene torch. He had his dark glasses on to protect his eyes against the light glare of the acetylene torch, and he could not see what the boys were doing. He stated that he did not recall whether he turned his acetylene torch off when the fire started; but he put it down and ran for a fire extinguisher, and thereafter proceeded to fight the fire.

The plaintiff called no other witnesses to testify concerning the origin of the fire. And no evidence was offered to show that Tom Briggs or any of the other boys who were attempting to remove the gasoline tank from the truck were servants or employees of the Jordan Auto Company.

The record shows, and it is admitted in the briefs of the respective parties, that the building was restored after the fire with new material more valuable than that destroyed at a cost of approximately $19,000. The cost of reconstruction according to the original plans would have been about $14,000.

It was disclosed at the beginning of the trial that the plaintiff had collected the insurance on the building in the amount of $15,000, and that she had assigned to the insurance companies her claim against the defendants for the damage done by the fire, and that the suit was brought in the name of Mrs. Fry as a nominal plaintiff for the benefit of the insurance companies.

At the conclusion of the evidence on behalf of the plaintiff, the defendants made a motion for a directed verdict on the grounds (1) that the plaintiff had failed to establish by competent evidence the material allegations of the declaration, and (2) that under the pleadings and proof a verdict and judgment could not be rendered in favor of the nominal plaintiff, for the use and benefit of the insurance companies, against the defendants, and particularly the Jordan Auto Company. The motion was sustained by the court and a judgment was entered in favor of the defendants.

The appellant argues two points on this appeal (1) that the trial court erred in directing a verdict for the defendants on the ground that the plaintiff, as a nominal plaintiff, could not recover against the defendants and particularly the Jordan Auto Company; and (2) that the plaintiff made out a prima facie case of negligence against the defendant, Eddie Rhone, employee, and the defendant Jordan Auto Company, and the court erred in refusing to submit the issue to the jury. But we think that there was no error in the action of the trial judge in sustaining the motion for a directed verdict in favor of the defendants.

In paragraphs 5, 6, and 8 of the lease contract, which was in effect at the time of the fire, the lessor, as party of the first part, bound herself as follows:

"(5) Further agreed that in event said premises shall be partially or completely destroyed by fire or storm during the initial or second five-year period the Party of the First Part hereby binds herself to promptly rebuild and repair and reconstruct said premises without expense or cost to the Party of the Second Part, unless the Party of the Second Part in writing agrees with the Party of the First Part to annul this lease and contract. * * * Nothing in this paragraph (5) contained shall be construed so as to relieve the Party of the Second Part from liability for any damage to said building by fire or otherwise caused by the fault or negligence of the Second Party, its agents, servants or employees.

"(6) Said First Party obligates herself to effect and maintain insurance upon said building against loss by fire or storm in an amount of not less than Six Thousand Dollars ($6,000.00) each during the life of this contract and lease, using so much thereof as is necessary to be used for the reconstruction and repair of said building under the terms of this lease in event of fire or storm affecting said premises.

"* * *

"(8) The Party of the First Part hereby binds and obligates herself to keep said premises in good, safe and suitable and reasonable repair at her own expense during the life of this lease and the renewal thereof; however, it is understood that the Party of the Second Part shall make such repairs to said premises as may be occasioned by its negligence or wrongs, usual wear and tear by the elements and usual use excepted."

It is argued on behalf of the appellant that, when all of the provisions of the contract are read together, the appellant's obligation to rebuild or repair did not include an obligation to rebuild or repair, or to use the proceeds of the insurance provided for in paragraph 6 for reconstruction or repair, if the building should be damaged or destroyed by fire caused by the negligence of the lessee. But we think this argument is untenable. If it were not intended that the insurance provided for in paragraph 6 should inure to the benefit of the lessee, in the event the building should be damaged or destroyed by fire or storm, there was no need to insert in the lease contract an express stipulation that the lessor should effect and maintain such insurance and use the proceeds of the policies, in the event of loss, for the reconstruction and repair of the building. The lessor had already bound herself in paragraph 5 to repair or rebuild in the event the property should be partially or completely destroyed by fire or storm. She had a right to effect and maintain insurance on the property for her own benefit and protection, and it was not necessary that a stipulation be incorporated in the lease contract obligating her to keep the property insured for her own benefit. The only reasonable construction that can be placed upon paragraph 6, as we see it, is that the obligation to keep the building insured against loss or damage by fire or storm for the benefit and protection of both parties to the lease contract. And the appellant seems to have placed that construction upon the contract herself. She had the building insured as provided in the lease contract, and she used the proceeds of the policies in force at the time of the fire in reconstructing the building as provided for in the lease contract. And she made no demand upon the Jordan Auto Company for the payment by it of any part of the costs of such construction until this suit was filed for the benefit of the insurance companies.

 As a general rule, both the lessor and the lessee have an insurable interest in the leased premises. 29 Am. Jur., p. 300, Insurance, par. 334; Home Insurance Co. of New York v. Gibson, 72 Miss. 58, 17 So. 13; Mississippi Fire Ins. Co. v. Planters Bank of Tunica, 138 Miss. 275, 103 So. 84; Panhandle Oil Co. v. Therrell, 158 Miss. 810, 131 So. 263. And in the absence of any contract between the lessor and the lessee as to insurance by one for the benefit of the other, neither has any interest in the insurance taken out by the other in his own interest although the insurance is for an amount sufficient to cover the two estates in the property. Mississippi Fire Insurance Co. v. Planters Bank of Tunica, supra; Panhandle Oil Co. v. Therrell, supra. But where the lease agreement stipulates that one of the parties shall keep the property insured for the benefit of the other, each is entitled to a proportionate interest in the proceeds of such insurance. 46 C. J. S. 23, Insurance, par. 1144; see also Houston Canning Co. v. Virginia Can. Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912.

 The appellant in this case expended the money received by her upon the insurance policies after the destruction of the building in repairing and reconstructing the building, as she had agreed to do. The fact that she had insurance coverage at the time of the fire in an amount in excess of the minimum amount required in paragraph 6 of the lease contract did not deprive the lessee of his right to claim the benefit of the insurance. The initial contract was entered into in 1939. At that time the parties may have reasonably assumed that the sum of $6,000 would be an adequate amount to cover the cost of reconstruction or repair of the building in the event a fire should occur. But the appellant apparently realized, as construction costs advanced during the years, that $6,000 would not be sufficient to enable her to reconstruct the building in the event a fire should occur, and she increased the amount of the insurance cover-

age, so that the amount would be sufficient to cover the increased cost of reconstruction.

 The liability imposed upon the lessee in paragraph 5 of the lease contract, "for any damage to said building by fire or otherwise caused by the fault or negligence of the second party, its agents, servants or employees," was subject to the provisions of paragraph 6 which obligated the lessor to effect and maintain insurance upon the building and to use the proceeds thereof for the reconstruction and repair of the building. The obligation of the lessor to effect and maintain the insurance was a contractual obligation and constituted a part of the consideration for the lessee's obligation to pay the rent stipulated for in the lease contract. If the parties had intended that the insurance coverage to be provided by the lessor under paragraph 6 should not include fire damage caused by the fault or negligence of the lessee, the contract should have so provided.

The appellant cites in support of her contention that the appellee was not entitled to the protection provided for in the insurance policies the case of Panhandle Oil Company v. Therrell, supra. But in that case the lease contract did not provide for the insuring of the building that was later destroyed by fire, and as the Court pointed out in its opinion, it did not appear from the bill of complaint in that case that the appellant had any connection whatever with the issuance of the insurance policy thereon. The rule stated in the Panhandle Oil Company case has no application in a case of this kind.

 We also think that the plaintiff failed to show a causal connection between the work that was being done by Eddie Rhone and the fire. This Court has held in the case of Roell v. Brooks et al., 205 Miss. 255, 38 So. 2d 716, that in a suit by the landlord to recover damages for the destruction of a building by fire or otherwise from the tenant as a result of the alleged negligence of the tenant, the burden of proof is on the land-

458

lord to show negligence on the part of the tenant and to show that the negligence of the tenant was the proximate cause of the fire. The rule laid down in Roell v. Brooks et al., supra, was restated and affirmed in the case of Miller et ux. v. Miller, 217 Miss. 650, 64 So. 2d 739; 38 A. L. R. 2d 674; and we think the rule is applicable to the facts in this case.

As we have already stated, the only witness to testify concerning the origin of the fire was Eddie Rhone. Eddie stated that he did not know what the boys were doing when he first saw them before he started the cutting of the steel with the acetylene torch. The boys had been trying to get the tank loose from the truck; but they were not pouring any gasoline out of the tank. He told the boys not to fool with the gasoline tank. They said, "All right, they wouldn't." Eddie did not know what the boys were doing at the time the fire started. There is no evidence that a flame or a spark from the acetylene torch came in contact with or ignited the gasoline. There is no evidence that any gasoline was poured or spilled out of the gasoline tank. If gasoline was being taken from the tank, or if gasoline had spilled out of the tank, it may have been ignited by coming in contact with a match or a lighted cigarette, or a spark generated by the boys tampering with the gasoline tank. None of these boys so far as the record shows were employees of the Jordan Auto Company. Yet none of them were called to testify as witnesses to establish the plaintiff's charge of negligence on the part of Eddie Rhone.

We think the proof was insufficient to show that the fire was caused by the negligence of the Jordan Auto Company or its employee.

For the reasons stated above, the judgment of the lower court is affirmed.

Affirmed.

*McGehee, C. J.*, and *Arrington, Ethridge* and *Gillespie, JJ.*, concur.