## HUYLER'S v. RITZ–CARLTON RESTAURANT & HOTEL CO. OF ATLANTIC CITY.

(District Court, D. Delaware. November 18, 1925.)

**1. Courts ⬤⟲99(2)—Previous decision on demurrer on one ground not conclusive as to demurrer to same allegations in amended declaration on other grounds.**

Decision overruling demurrer to allegations in a declaration for breach of lease that parties contemplated enjoyment by plaintiff of large profits, interposed on ground that such allegation was attempt to modify written lease, is not determinative of subsequent demurrer to amended declaration, on the ground that such allegations are inadequate to support claim for special damages, superfluous, impertinent, and extraneous.

**2. Damages ⬤⟲142—Special damages sufficiently pleaded, if facts pleaded show notice to defendant of facts on which predicated.**

Allegations of special damages are sufficient if the facts giving rise thereto are specifically set up, and it is made to appear that at the time of entering into contract defendant had knowledge or notice of such facts, and that special injury subsequently sustained was within contemplation of parties.

**3. Pleading ⬤⟲11—Evidence of special damages not required to be pleaded.**

The rule that special damages must be specially pleaded does not require that evidence be pleaded.

**4. Damages ⬤⟲142—Rule or standard by which special damages are to be ascertained should not be pleaded.**

The rule or standard by which the amount or extent of special damages is to be ascertained is ordinarily a matter of law, not required to be pleaded.

**5. Landlord and tenant ⬤⟲48(2)—Allegation as to loss of profits by breach of lease held insufficient.**

In tenant's action for breach of contract of lease, allegations that plaintiff has been deprived of profits, which the parties contemplated would exceed the profits of plaintiff's store at its old location, *held* not to set forth facts sufficient to show that profits at old location constituted a proper legal standard by which to measure lost profits; no similarity of conditions and no agreements of parties that such rule of damage would govern being alleged.

**6. Damages ⬤⟲85—Parties may contract as to rule of damages for breach.**

Parties to a contract may by stipulations in contract or otherwise fix the damages in case of breach, in which case the amount of recovery will be controlled thereby, unless the measure or amount so fixed is unconscionable, or is tainted with fraud.

At Law. Action by Huyler's against the Ritz-Carlton Restaurant & Hotel Company of Atlantic City. On demurrer to declaration. Demurrer sustained.

See, also, 1 F.(2d) 491.

Herbert H. Ward (of Ward, Gray & Ward), of Wilmington, Del., and Roger Hinds, of New York City, for plaintiff.

Robert H. Richards, of Wilmington, Del., and George A. Bourgeois, of Atlantic City, N. J., for defendant.

MORRIS, District Judge. An amended declaration in conformity with the opinion of the court of June 9, 1925 (6 F.[2d] 404), was filed herein on August 12th last. To this amended declaration, also, the defendant has demurred specially, upon the grounds that a portion of the averments touching special damages are inadequate to support a particularized claim for special damages, and that as pleaded such averments are superfluous, impertinent, and extraneous.

After setting out the contract in hæc verba, and alleging the breach thereof by defendant's failure to erect the building therein called for, and the failure of the defendant to give to the plaintiff possession

of the leased premises in the building so to be erected, the declaration further alleges:

"That with respect to its damages to it accruing by reason of the defendant's covenants in said indenture of lease contained, as hereinabove set forth, the plaintiff further saith: That the fair rental value of the premises described in said lease, so thereby leased by the defendant to the plaintiff, including its fixtures, is and then was upwards of $25,000 per annum. That by reason of defendant's failure and refusal to perform its said agreements and covenants, the plaintiff hath been deprived of the use, benefits and advantages of the said promised and leased store and premises as hereinabove and in the said lease set forth, which it would otherwise have had, and hath been deprived of and prevented from receiving the said large gains and profits which it would otherwise have gained and received, to wit, upwards of $25,000 per annum, and hath been deprived of the rental value of said premises throughout the terms of said lease from plaintiff to defendant and of its renewal, of all of which matters and things defendant had full knowledge at the time of entering into said lease. That at the time of and prior to the making of said lease the parties contemplated and well understood that plaintiff, if deprived of said leasehold, would suffer a loss of profits as aforesaid [and that the volume of business and profits which plaintiff would enjoy from a confectionery store in said promised store on the Boardwalk level would exceed the volume and profits of plaintiff's store at No. 1119 Boardwalk, Atlantic City, viz. a volume of over $70,000 per annum, and profits of over $22,000 per annum, the loss of which profits plaintiff would suffer if deprived of said leasehold.]" (Brackets mine.)

[1] The part inclosed by brackets is that to which the defendant has demurred. The plaintiff contends that by this demurrer the defendant has raised anew one of the questions that was presented by the last demurrer and passed upon in the opinion filed thereon. 6 F.(2d) 404. But it is clear, I think, that the question now presented has not been heretofore raised or decided although the allegation now challenged is, with the exception of its last thirteen words, identical with that embraced within the first set of brackets in the preceding declaration. 6 F.(2d) 404. The defendant's position there was that by that allegation the plaintiff was attempting to modify or alter the terms of the written contract or lease, by an alleged preliminary understanding not included in the contract. It was held that such was not its purpose, and that it was pleaded merely to establish that the defendant had notice or knowledge that the loss of large profits by the plaintiff would follow a breach by the lessor of his covenants to construct the building and give to the lessee possession of the demised premises. Hence the present demurrer is predicated upon the warranted assumption that in the present declaration the allegation in question has the meaning and purpose attributed by the court to the like words in the preceding declaration, and not the meaning and purpose such words were supposed to have by the defendant at the time of filing its preceding demurrer. It follows, I take it, that the question here raised is a new one, and not a re-presentation of one already determined. Moreover, while it may be true that this question might have been raised by the preceding demurrer, had the defendant desired to do so, yet I think that its failure to anticipate the ruling of the court with respect to the meaning of the allegation should not be held to bar a present consideration of the question on its merits.

[2, 3] While it is true that special damages must be specially pleaded, yet, where special damages are sought to be recovered in actions for breach of contract, the allegations with respect thereto are sufficient if thereby such damages are specially claimed, if the facts giving rise thereto are specifically set out, and if it is made to appear that at the time of entering into the contract, the defendant had knowledge or notice of such facts, and that the special injury subsequently sustained was within the contemplation of the parties. Quaker Metal Co. v. Standard Tank Car Co. (Del. Super.) 123 A. 131; 4 Sedgwick on Damages, §§ 1261, 1262; 8 R. C. L. 614; Cohn v. Engine Co. 44 Cal. App. 85, 186 P. 200. It is, of course, not required that evidence be pleaded. 17 C. J. 1004, 1005.

[4, 5] As I understand the allegation to which the present demurrer is directed, it has to do with none of these matters, but it attempts to set up a standard by which the damages alleged to have been sustained from loss of profits are to be measured. But the rule or standard by which the amount or extent of the redress is to be ascertained—the measure of damages—is, as a general rule, a matter of law. Sedgwick on Damages, § 31. But, aside from the fact that the rule of law by which the amount or measure of one's damages is to be fixed is never pleaded, the challenged allegation does not set

forth facts sufficient to show that the profits of the store at No. 1119 Boardwalk, Atlantic City, constitute a proper legal standard by which to measure the lost profits of the leased premises, in that it fails to set out a similarity of conditions between the two places. [6] While it is true that the standard by which damages are to be measured is, as a general rule, a principle of law, it is likewise true that, if the parties to a contract by stipulations in the contract itself, or possibly by collateral contract, fix the damages, the amount of recovery will be controlled thereby, unless the measure or amount so fixed is unconscionable or is tainted with fraud. 8 A. & E. (2d Ed.) 636, 637. If it was the intention of the pleader to bring this case under the exception rather than the general rule, it has failed to do so, for it has not alleged that there was any contract between the parties by which it was agreed that the profits of the store at No. 1119 Boardwalk should be accepted as a standard for ascertaining the amount of profits lost to the plaintiff by reason of the breach by the defendant of its covenants to erect and put plaintiff in possession of the leased premises.

Whether viewed from the standpoint of the general rule or of the exception thereto, the allegation demurred to fails to disclose that it embodies a proper rule or standard for the admeasurement of plaintiff's special damages arising by reason of lost profits. It follows that the challenged allegation has no rightful place in the declaration, and that the demurrer must be sustained.